# SUPREME COURT.

In the matter of the application of WILLIAM H. MUNDY for a warrant against RICHARD J. MORRISON, PHILIP MERKLE and GEORGE W. MORTON.

*The authority of commissioners of excise of the city of New York to grant ale and beer licenses.*

The laws of this state permit the granting, in the city of New York, of an ale and beer license authorizing its sale; to be drank on the premises, when the party selling is not licensed as a hotel keeper. Such licenses are in the discretion of the board of excise.

*New York Chambers, June,* 1880.

*William H. Mundy,* for application.

*Menzo Diefendorf,* opposed.

WESTBROOK, *J.* — Application was made to me as a judge, whilst holding court in New York city, to issue a warrant against the above-named parties, who are excise commissioners of the said city of New York, upon a complaint charging them with having illegally and contrary to law granted to John Knell, of 95 Maiden lane, in said city, " a license to sell ale and beer in quantities less than five gallons at a time, to be drank on the premises where sold, the said John Knell not being an inn, tavern or hotel keeper."

The point upon which the charge depends is: Do the laws of this state permit the granting in the city of New York of an ale and beer license authorizing its sale, to be drank on the premises, when the party selling is not licensed as a hotel keeper? In other words, can the excise board of the city authorize ale or beer to be sold and drank on the premises of the seller without granting to him a hotel license?

The complaint involves a pure question of law depending on the construction of statutes, which must be decided upon the laws as they are without any regard to my own notion of what they ought to be.

By the act of 1857, as originally passed, entitled "An act to suppress intemperance and to regulate the sale of intoxicating liquors," and the sixth section thereof, no such license could be granted.

By chapter 856 of the Laws of 1869, however, which both its title and provisions show was amendatory of the act of 1857, and by its fourth section it is provided: "All the provisions of this act as amended shall be held to apply to the sale of ale or beer, except so much thereof as forbids the granting of license to any person, except to such persons as propose to keep an inn, tavern or hotel; and the commissioners of excise may, in their discretion, grant license for the sale of ale or beer, for a sum not less than ten dollars, to other than those who propose to keep an inn, tavern or hotel; and the provisions of this act shall extend to all portions of the state except the Metropolitan police district."

The reason of the exception of the Metropolitan police district from the provisions of the act of 1869 was this: By chapter 578 of the Laws of 1866, a separate act existed therefor, excepting the county of Westchester, which authorized a license within such district "to any person or persons of good moral character, and who shall be approved by them, permitting him and them, for one year from the time the same shall be granted, to sell and dispose of at any one named place within said Metropolitan police district, exclusive of the county of Westchester, strong and spirituous liquors, wines, ale and beer, in quantities less than five gallons at a time, upon receiving a license fee to be fixed in their discretion, and which shall not be less than thirty nor more than two hundred and fifty dollars." That act allowed licenses to "sell strong and spirituous liquors, wines, ales and beer in quantities less than five gallons at a time," to be granted without

the issuing of one to keep a hotel, to any person within the district to which such act referred (*People* agt. *Smith*, 69 *N. Y.*, 175; *see page* 179).

To return, however, from this digression to the act of 1857, and the amendments of 1869. By a well-known rule of law, the amendments made by the latter to the former became and were, from the date of the enactment, parts of the original act, so that when the act of 1857 is thereafter referred to, unless there be some words used indicating the contrary, the act as amended is intended, as much so as when a reference is made to a physical object, which at the time of such reference is in a changed or altered form, the object as so changed or altered is thereby designated (*Dexter & Limerick Plank Road Company* agt. *Allen*, 16 *Barbour*, 15; *see pages* 16–17). This doctrine is well illustrated in the quaint language of an old case (*Bayly* agt. *Murin*, 1 *Ventris' Reports*, 246), cited with approbation in *Potter's Dwarris on Statutes* (*page* 190): " Because the 14th *Eliz.* is a kind of appendix to the 13th of *Eliz.*, and does not repeal it, but *sub modo* a little enlarging it as to houses in market towns ; wherefore the 18th of *Eliz.*, reciting the 13th does by consequence recite the 14th also."

By section 6 of chapter 175 of the Laws of 1870, the separate act (*chapter* 578, *Laws of* 1866) in regard to the Metropolitan police district was repealed " and the provisions of the act passed April sixteenth, eighteen hundred and fifty-seven " (*i. e.*, the act entitled " an act to suppress intemperance and to regulate the sale of intoxicating liquors," as it read in 1870 by force of the amendment made in 1869), " except where the same are inconsistent or·in conflict with the provisions of this act, shall be taken and construed as a part of this act, and be and remain in full force and effect throughout the whole of this state."

. That act now prevents not only in the city of New York, but anywhere in the state, the granting of any license, except as part of one authorizing the keeping of an inn, tavern, or hotel, to " sell strong or spirituous liquors or wines to be

drank upon the premises," because the provisions of the act of 1857 are still operative " except where the same are inconsistent or in conflict with the provisions " thereof ; and the act of 1857 having expressly forbidden the granting of any such licenses except to hotel keepers, the court of appeals in *The People* agt. *Smith* (69 *N. Y.*, 175) decided that that provision of the act of 1857 was not inconsistent with the act of 1870, and was therefore by the language of the act of 1870, to " be taken and construed as a part thereof."

There is no direct provision in the act of 1870 for the granting of ale or beer licenses as such, but authority is given " to sell and dispose of    *    *    *    strong and spirituous liquors, wines, ales and beer in quantities less than five gallons at a time." This general license, however, as we have seen, the court of appeals have held could not be granted except to a hotel keeper, because the restrictions placed upon the granting of licenses to sell " strong or spirituous liquors or wines to be drank upon the premises," by the act of 1857 were not repealed, but were in full force. But the act of 1857 (as amended, for in 1870 the amendments were a part of it) also provided for the granting of licenses "for the sale of ale or beer    *    *    *    to other than those who propose to keep an inn, tavern or hotel," and as that provision was not at all inconsistent with the act of 1870, which, whilst it provided for a general license to sell all kinds of intoxicating drinks to be granted, as held by the court of appeals, only in connection with a tavern or hotel license, did not abrogate and annul the power to grant ale or beer license only, it must now (for the act of 1870 so requires) " be taken and construed as a part" thereof, and be deemed to be " in full force and effect throughout the whole of the state." In other words, the power to grant a general license to sell intoxicating drinks, including ale and beer, conferred by the act of 1870, which can only be granted to a hotel keeper, is not inconsistent with, and does not take away the power to grant an ale or beer license only to a person not a hotel keeper, which the act of

Matter of Mundy.

1857, as amended in 1869 authorized, and therefore such provision of the act of 1857, because it is not inconsistent with said act of 1870, is by said act of 1870 made applicable to "the whole of the state."

The full argument, which has been for its proper understanding somewhat protracted, may be thus tersely stated : By the act of 1857, as amended in 1869, in addition to one permitting the sale of intoxicating drinks in small quantities not to be drank, however, upon the premises of the seller, two kinds of licenses could be granted. First, A. license to sell strong and spirituous liquors and wines to be drank on the premises of the persons licensed, to be granted only, however, to persons who kept an inn, tavern or hotel ; and second, An ale or beer license " to others than those who propose to keep an inn, tavern or hotel." This ale or beer license, however, was engrafted in 1869, upon the act of 1857, and was not applicable to the Metropolitan police district, for which a separate and distinct license law existed, passed in 1866, under which a general license to sell all kinds of intoxicating drinks could be issued, although the person licensed kept no inn, tavern or hotel. In 1870, however, another license law was passed, which repealed the local Metropolitan police district act, and made such act of 1870, and the act of 1857 as changed and amended in 1869, when not inconsistent with the act of 1870, applicable to the whole state. The act of 1870 did not profess to take away the power to grant a license for the sale of ale and beer only, nor was the right to grant a general license to sell all intoxicating drinks, including ale and beer, inconsistent with the special license allowed by the act of 1857, as amended in 1869, for the sale of ale and beer only, and because not repealed or inconsistent with the act of 1870, such authority to grant ale and beer licenses only became from that time operative over the whole state, including of course the city and county of New York, because said act of 1870 so expressly provides.

It follows, of course, that the defendants in granting the

license complained of violated no law and were guilty of no offense, and that no warrant can issue to bring them before me to answer. It is their duty to execute the law as it is, and both they and judges are to interpret it as it reads, and neither are responsible for provisions which may not meet their approval as citizens.

The foregoing opinion was prepared to this point some days ago. Since its preparation my attention has been drawn to a decision of a brother judge (judge BARNARD), which, as reported in the public press, holds that there is no power now to grant anywhere in the state a license for the sale of ale and beer only, separate and apart from a hotel license. The sincere respect entertained for his learning and judgment has induced me to review my conclusion hereinbefore expressed, but such review has not in the least shaken my conviction. After careful and further reflection I am still constrained to hold that the act of 1870, when it declares, " the provisions of the act passed April 16, 1857, except when the same are inconsistent or in conflict with the provisions of this act, shall be taken and considered as a part of this act, and be and remain in full force and effect throughout the whole of this state," refers to the act of 1857, as it read, when such language was used, and not to it as originally enacted. The reference to the act is a general one and there are no words limiting and controlling the reference. The amendments of 1869 were then part and parcel thereof, as much so as its original provisions. It is not the act *as* passed in 1857 which is made operative over the entire state, but " *the* act " *of* 1857, or " *passed* " in 1857, for either word —" of " or " passed " — in that connection has the same signification. If the act of 1870 had declared that the act of 1857 was thereby repealed, it seems to me clear that the entire law as it read in 1870, with all its amendments engrafted thereon and then forming integral parts thereof, would have been abrogated, and, therefore, when the act of 1870 does not profess to repeal that of 1857, but re-enacts all the provisions of the latter

Matter of Mundy.

not inconsistent with its own and extends them over the entire state, that such enactment and extension apply not only to its original provisions, but to all others which had since become and then were substantial and vital portions thereof. It certainly, as it may be urged, would have been easy for the legislature, in speaking of the act of 1857, to have added the words " as amended," and it would have been equally easy if the amendments were not also made applicable to the whole state, to have so declared in plain words. Neither, however, has been done, and the simple question then is, does a general reference to a statute, which at the time of such reference is in an amended form, intend the statute as originally passed, or the statute as it reads at the time of such reference? This question can only admit of one answer, as shown in the former part of this opinion, and that must be, such a reference is to the act as amended.

There is also another answer to any assertion, if such has been made, that there is no authority now in boards of excise to grant an ale or beer license in any part of the state outside of the old Metropolitan police district, and it is this: The question before me is, was the act of 1869, because amendatory of the act of 1857, expressly extended over the city of New York by the act of 1870? Unless this question can be answered in the affirmative the complaint against the police commissioners of the city of New York is well founded, for the act of 1869 excepted such city, as a part of the Metropolitan police district, from its provisions. Suppose, however, I am wrong in the conclusion that the act of 1870, by extending the provisions of the act of 1857 over the whole state, thereby also necessarily extended the act of 1869, which was simply amendatory of that of 1857, over the same territory, when and where was the provision of such act of 1869 permitting the commissioners of excise to "grant licenses for the sale of ale or beer    *    *    *    to other than those who propose to keep an inn, tavern or hotel," and which provision was declared to "extend to all portions of the state

except the Metropolitan police district," repealed? There certainly is no statute which directly repeals it; and as repeals by implication are not favored in the law it must be shown that some later statute contains provisions necessarily inconsistent therewith before a right so clearly and expressly conferred can be taken away. A careful search by me has failed to discover any subsequent enactment which is repugnant thereto. Plainly the act of 1870 is not inconsistent therewith, for that, as we have shown in the former part of the opinion, only confers the power to grant a general license for the sale of all intoxicating drinks to a hotel keeper; and such general license is not inconsistent with the special one for the sale of ale or beer only by an individual who is not a hotel keeper. The two licenses are of course different, but difference and repugnance are not synonymous expressions. A power to do several acts under circumstances clearly prescribed is not incompatible with or repugnant to an authority to do only one of those acts under a different condition of things, though the two grants are certainly unlike. This proposition is too clear to admit of discussion, and the question may, therefore, well be repeated, when and where was the authority given by the act of 1869 to grant an ale or beer license anywhere in the state, except in the Metropolitan police district, taken away? If it has been I have been unable to discover the repealing statute. Indeed, it was plumply decided as early as December, 1874, by the general term of the supreme court for the third department, held by judges BOCKES, COUNTRYMAN and LANDON (*O'Rourke* agt. *The People*, 3 *Hun*, 225), that the power to grant ale or beer licenses still existed. The opinions of judges BOCKES and COUNTRYMAN in that case are so exhaustive as to leave nothing to be said, and are, therefore, referred to as conclusive upon the question at issue. Now if, to make the argument applicable to the case before me, it be conceded, as it seems to me it must, that the power to grant such licenses anywhere in the state, except in the Metropolitan police district, exists, why

should the act of 1870 be so construed as to make that district an exception to the rest of the state? The act of 1870 certainly repealed its local excise law and intended to extend all the provisions regulating the sale of intoxicating drinks in the residue of the state over that locality. If it has not done so, it is because of a failure to express the plain purpose. No proper construction of language used, as we have endeavored to show, makes such a conclusion necessary; and the evident propriety of so construing statutes as to work equally rather than unequally over the whole state, fortifies the argument already made to demonstrate that the act of 1870, in extending the provisions of that of 1857 over its entire territory, necessarily carried those of 1869, which had become a part of such act of 1857, with them.

To prevent any misapprehension as to the scope of the foregoing opinion it should be added that whilst, in my judgment, the parties complained of committed no crime in granting a license for the sale of ale or beer, that it is not held that any obligation to grant licenses of that character devolves upon boards of excise. No such question is involved in the proceeding before me, but as the act is very clear (*section* 4, *chapter* 856 *of Laws of* 1869) it may not be improper to say, in its very words, that such licenses are "in their discretion."