KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.—
February, 1885.

CURTIS *v.* WILLIAMS.

*In the matter of the estate of* HUGH ALLEN, *deceased.*

Code Civ. Pro., § 2645, enacted in 1880, requires an administrator, with the will annexed, before letters are issued to him, to qualify as prescribed by law with respect to an administrator in intestacy, and makes the provisions of the article containing § 2667 applicable to his official bond. The latter section, which was enacted in the same year, and prescribes the requisites of the bond of an administrator in intestacy, was amended in 1882, by adding a provision that, "in cases where all the next of kin to the intestate consent thereto," the penalty of the bond may be limited in a manner specified.—

*Held,* that the former section, and the latter *as amended,* are to be construed together, as if enacted simultaneously, and that an administrator with the will annexed may avail himself of the provisions contained in the amendment of 1882, upon obtaining the consent of the next of kin, although they may have no interest in the decedent's estate.

The existing statutory rule on this subject—criticised.

The principal decedent, A., died in 1881, leaving a will, pursuant to which letters testamentary were granted to B.; who died in 1884, not having fully administered upon A.'s estate, and leaving a will, pursuant to which letters testamentary were granted to C. and others. Letters of administration, with the will of A. annexed, having been granted to D., upon her petition and the consent of the next of kin of A., and her filing a bond in the penalty of $10,000, and she having petitioned for an accounting by B.'s executors as to property of A. received by them, the respondents denied the legality of D.'s appointment on the ground of the inadequacy of the penalty of her official bond.—

*Held,* that D. was duly appointed; that the grant of her letters could not be attacked collaterally in the proceeding at bar; that respondents must account as desired; and that, if the security already given should thereupon prove inadequate, petitioner should be required to file an additional bond, or deposit the excess of moneys and securities in a trust company, subject to the Surrogate's order.

PETITION by Josephine A. Curtis, administratrix with the will of decedent annexed, for an accounting by John J. Williams and others, executors of the will of decedent's executor, as to moneys, etc., of the first decedent's estate received by them. The facts are stated in the opinion.

STEARNS & CURTIS, *for petitioner.*

ROGERS, LOCKE & MILBURN, *for respondents.*

THE SURROGATE.—The testator, Hugh Allen, died in Brooklyn in 1881, leaving a will in which he appointed his brother, John Allen, Jr., his sole executor, to whom letters testamentary were granted. In March, 1880, the said John Allen, Jr., died, without having fully administered upon the estate of his father. He left a will, which has been duly admitted

to probate by the Surrogate of Erie county, and letters testamentary whereunder were duly issued to William Allen, John J. Williams and Charles S. Hall, the executors and trustees therein named.

The motion now made is to require the executors of said John Allen, Jr., to render an account of the money and other property received by them belonging to the estate of Hugh Allen, deceased, and to deliver the same to Josephine A. Curtis, the administratrix with the will of Hugh Allen, deceased, annexed.

The respondents, the executors of John Allen, Jr., in their answer, do not controvert any of the allegations set forth in the petition, but simply aver that the petitioner was not duly appointed administratrix with the will of Hugh Allen, deceased, annexed, for the reason that no bond was given by the petitioner for twice the amount of the personal property of said decedent.

Section 2645 of the Code of Civil Procedure provides that, before letters can issue to an administratrix with the will annexed, she must qualify as prescribed by law with respect to an administrator upon the estate of an intestate, and that the provisions of the article relating to the bond to be given by the latter shall apply to the bond to be given pursuant to this section.

Section 2667, in the article referred to in § 2645, requires the person appointed administrator, before letters are issued to him, to "execute to the people of the State and file with the Surrogate the joint and several bond of himself and two or more sureties, in a penalty, fixed by the Surrogate, not less than twice

the value of the personal property of which the deceased died possessed."

In 1882, this section was amended by re-enacting the entire section as originally adopted by the act of 1880, with the amendment of 1881 referring to limited letters, and adding thereto the following: "In cases where all the next of kin to the intestate consent thereto, the penalty of the bond required to be given shall not exceed twice the amount of the claims of creditors against the estate, presented to the Surrogate, pursuant to a notice to be published twice a week for four weeks in the State paper, and in two newspapers published in the city of New York, and once a week for four weeks in two newspapers published in the county where the intestate usually resided, and in the county where he died, reciting an intention to apply for letters under this provision, and notifying creditors to present their claims to the Surrogate on or before a day to be fixed' in such notice, which shall be at least thirty days after the first publication thereof; but no bond so given shall be for a less sum than five thousand dollars, and such bond may be increased by order of the Surrogate for cause shown. Pending such application, no temporary administrator shall be appointed except on petition of such next of kin." It is contended by counsel for the respondents that, inasmuch as this amendment was adopted since the enactment of § 2645, it cannot be construed in connection therewith.

The whole section was re-enacted, and must stand from that time, as if originally enacted in that form, and I think must be construed in connection with

§ 2645, as if adopted at the same time (Dexter & Limerick P. R. Co. v. Allen, 16 *Barb.*, 15; Ely v. Horton, 15 *N. Y.*, 595; Mundy v. Excise Comm'rs, 9 *Abb. N. C.*, 117; Board of Excise of Westchester v. Curley, *id.*, 100).

If the construction contended for by the respondents' counsel is correct, then an administrator with the will annexed could not avail himself of the benefit of the amendment of 1882 by giving modified security, while an administrator in chief could. It seems to me that the legislature did not intend to make such a distinction, but rather that the amendment should apply to both.

It is true that the granting of letters of administration with the will annexed upon the consent of the next of kin might work a great injustice to the parties ultimately or contingently interested in the estate under the will.

The duties and powers of an administrator with the will annexed, as far as administration of the personal estate is concerned, are the same as those of an executor, and his conduct is governed by the terms of the will, while those of the administrator are determined by statute. It may be that the parties entitled under the will are not next of kin, and would take nothing in case of intestacy. Section 2667 might well be amended by requiring the consent of all the legatees and next of kin, before appointing an administrator with the will annexed with modified security. But I am called upon to construe the statutes as I find them, and not as I think they should be.

The petitioner, in her application for letters of

administration with the will annexed, having alleged all the jurisdictional facts prescribed by statute to entitle her to such letters, and a decree having been made upon her petition upon the consent of the next of kin of the testator, and she having executed and filed her joint and several bond, with two sureties, in the penalty of $10,000, I think that the letters of administration with the will annexed on the estate of Hugh Allen, deceased, were properly granted, and that the respondents cannot attack them in this collateral proceeding. The Surrogate's court is now a court of record, and its decrees made within its jurisdiction have equal force and effect with those of other courts, and once legally made can only be set aside, modified, or revoked on the application of parties to these proceedings in the usual manner (Bloom v. Burdick, 1 *Hill*, 130; Kelly v. West, 80 *N. Y.*, 139; Harrison v. Clark, 87 *id.*, 572; Matter of Hood, 90 *id.*, 512; Martin v. Dry Dock & E. B. R. Co., 92 *id.*, 70; Abbott v. Curran, 20 *N. Y. Week. Dig.*, 344; Code Civ. Pro., § 2591).

I am, therefore, of the opinion that the respondents should be required to account for all the money and property in their hands belonging to the estate of Hugh Allen, deceased, and if, upon such accounting, it should appear that the property to be delivered is much in excess of the bond already given therein, that the petitioner should file an additional bond, or consent that the money and securities sought to be transferred should be deposited with the Brooklyn Trust Company, in the name of the petitioner, as administratrix with the will annexed of Hugh Allen,

deceased, and not to be withdrawn except upon the order of the Surrogate.