JOSEPH H. BEARNS as Guardian, etc., Respondent, *v.* DAVID H. GOULD, Appellant.

The provision of the act of 1870 (§ 1, chap. 359, Laws of 1870), in relation to the Surrogate's Court of the county of New York, giving to the surrogate of that county jurisdiction to issue "all lawful orders and decrees" in proceedings in said surrogate's court, and declaring that the objection of want of jurisdiction shall not be taken to said orders and decrees, except by appeal or in a proceeding before the surrogate to set aside, open or modify, was intended to place the orders and decrees of said surrogate, in respect to objections to jurisdiction, upon the same footing as the order of a court of general jurisdiction.

By the term, "lawful orders and decrees," was meant orders and decrees in cases where a surrogate's court has jurisdiction of the subject matter; and the statute applies to them the rule applicable to orders of a court of general jurisdiction, that they cannot be questioned collaterally.

The effect thus given to such orders and decrees is not confined to cases where they are introduced in evidence in other proceedings before said surrogate.

Where, therefore, a complaint in an action sets up an order of said surrogate in a matter within his jurisdiction, and where a want of jurisdiction does not appear on the face of the order, the existence of the facts necessary to give jurisdiction need not be alleged, but will be presumed

To a complaint setting forth several orders of the surrogate of said county of New York, defendant demurred, upon the ground that the complaint omitted to allege the facts necessary to give the surrogate jurisdiction; the demurrer was overruled and judgment rendered for plaintiff, which was affirmed by the General Term. On appeal to this court, defendant asked leave, in case the judgment should be affirmed, to withdraw the demurrer and put in an answer on terms. *Held,* that the application should, under the circumstances of the case, be made to the court below; judgment therefore affirmed, with leave to make such application.

(Argued May 22, 1879; decided June 3, 1879.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon an order overruling a demurrer to plaintiff's complaint.

This action was brought by plaintiff as guardian of the estate of Alexander M. Fisher, a minor, upon a bond given by defendant as surety for one Britton, a former guardian.

The complaint set forth an order of the surrogate of the county of New York, to whom jurisdiction in that behalf belonged, fixing the amount with which Britton was chargeable; also an order removing Britton and appointing plaintiff guardian, directing Britton to pay over to plaintiff the amount with which he was so charged, and in case of default, authorizing an action upon his bond.

Defendant demurred upon the ground, among others, that the complaint did not state facts constituting a cause of action.

Further facts appear in the opinion.

*Freeman J. Fithian,* for appellant  In order that the orders and decrees of a surrogate's court shall have force, it must affirmatively appear that the jurisdiction and mode of proceeding was in accordance with the statute. (*Annette* v. *Kerr,* 28 How., 324; *Mahoney* v. *Ganter,* 10 Abb., 431; *People* v. *Gould,* 4 Denio, 551; *Bible* v. *Sherman,* 10 Bos., 292; *Arnott* v. *Kerr,* 28 How. Pr., 330; *Seamen* v. *Duryea,* 10 Barb., 521; *Draper* v. *Anderson,* 37 id., 168; *Berkle* v. *Sherman,* 10 Bos., 304, 305.) The bond in suit could not be

prosecuted until it appeared that a decree against the guardian had been docketed, and an execution issued thereon and returned unsatisfied. (*Robert* v. *Shurman*, 10 Bos., 292–309; *Arnott* v. *Kerr*, 28 How., 324; *People ex rel. Demorest* v. *Daws*, 3 Abb. Pr., 456.)

*Charles W. Bangs*, for respondent. The order of the Special Term overruling the demurrer is not reviewable on this appeal. (Code, §§ 190, 1324, 1301, 1317.) There was a defect of parties plaintiff. (*Babriskie* v. *Smith*, 13 N. Y., 322; *Abbe* v. *Clark*, 31 Barb., 238; *Richtmyer* v. *Richtmyer*, 50 id., 55; *Voorhis* v. *Baxter*, 17 N. Y., 254; *Bank* v. *Magee*, 20 id., 355.) A surrogate may direct a guardian's bond to be prosecuted without first docketing the decree or issuing an execution upon it. (3 R. S. [5th ed.], 244, § 9; Redf. Sur., 422; *In re Hamlen*, 1 Tucker, 408; *People* v. *Gould*, 4 Denio, 557.) Third parties, like sureties, cannot question the orders and decrees of a surrogate in matters pending before him. (*Baggott* v. *Bulger*, 2 Duer, 160; *Field* v. *Van Cott*, 15 Abb. [N. S.], 349; *People* v. *Falconer*, 2 Sandf., 81; *Scofield* v. *Churchill*, 12 N. Y., 535.) By section two of the Code of Civil Procedure surrogates' courts are courts of record, and as such have general jurisdiction in respect of the matters and subjects which belong to them. (2 R. S. [Edm's ed.], 158, §§ 14–17; *People* v. *Falconer*, 2 Sandf., 81; *Field* v. *Van Cott*, 15 Abb. [N. S.], 349; *Scofield* v. *Churchill*, 72 N. Y., 565; *Seaman* v. *Duryea*, 11 id., 327; *People* v. *Pelham*, 14 Wend., 49; *Skidmore* v. *Davies*, 10 Paige, 316; *Chace* v. *Herman*, 8 Wend., 452; *Rockfeller* v. *Donnelly*, 8 Cow., 628.)

RAPALLO, J. All the orders of the surrogate of the county of New York, set forth in the complaint, were such as it was lawful for him to make on the presentation to him of the proper facts. It is not asserted as to any of these orders that they are not such as a surrogate has jurisdiction to make in a proper case, but only that the complaint omits

to set forth the particular facts upon which they should be founded, and it is in that sense only that it is said that the complaint fails to show jurisdiction in the surrogate to make the orders, his court being one of special and limited jurisdiction.

This objection could not be taken if the surrogate's court were one of general jurisdiction. The existence of the necessary facts would be presumed, and the objection of want of jurisdiction could not be taken in this form.

We think the court below has properly construed the act of 1870, chapter 359, as intended to place orders and decrees of the surrogate of New York on the same footing in this respect as the orders of a court of general jurisdiction. That act provides (§ 1) that "the surrogate of the county of New York shall have power and jurisdiction to issue all lawful process, upon allegations duly verified, and to make and enter all lawful orders and decrees in proceedings in the surrogate's court of said county, and the objection of want of jurisdiction shall not be taken to said orders and decrees, except by appeal in the manner prescribed by statute, or in a proceeding before the surrogate to set aside, open or modify the same, and the surrogate shall have the same power to set aside, open, vacate or modify the orders or decrees of the said court as is exercised by courts of record of general jurisdiction."

It will be observed that this act is expressly confined in its operation to "lawful" orders and decrees. By this term the Legislature undoubtedly meant such orders and decrees as a surrogate's court was by law empowered to make, or, in other words, orders, etc., made in cases where the court had jurisdiction of the subject matter; and it applies to them the general rule, applicable to the orders of courts of general jurisdiction, that they cannot be questioned collaterally, but only in a direct proceeding, by appeal or motion to vacate; and carrying out this purpose of assimilation, the act proceeds to confer upon surrogates' courts the same power which is possessed by courts of general jurisdiction,

to vacate or modify their own orders and decrees. It may also be assumed that a want of jurisdiction appearing on the face of the order would not be within the statute, as such an order would not be a lawful order, and that the whole scope and intent of the act was to forbid the objection being taken in a collateral proceeding, that a party setting up an order of a surrogate's court had failed to show the existence of the preliminary facts necessary to authorize the surrogate to make the order or decree, or, in other words, to show that it had been duly made.

It is argued that the effect thus given to orders or decrees of the surrogate, is confined to cases where such orders and decrees are introduced in evidence in other proceedings before the surrogate, and that it does not extend to cases where such orders are pleaded or offered in evidence in other courts. I can find nothing in the act justifying such a construction. The title of the act is referred to in support of the construction claimed. It is, " an act in relation to proceedings in the surrrogate's court of the county of New York and to the powers and jurisdiction of the surrogate thereof." This does not indicate that it is not to be operative upon the rights of parties anywhere except in proceedings in the surrogate's court. The act certainly relates to proceedings in the surrogate's court. It declares the jurisdiction of the surrogate and the effect of his orders and decrees, which are proceedings in his court, but it does not confine the effect of such orders to his court, or apply a different rule to other courts, in respect to their recognition. If the only effect of the act were to compel the surrogate to recognize his own orders as valid unless application was made to him to set them aside, it would be a very futile enactment. Clear language would be required to justify us in giving it so restricted a construction. There is no such language in the act, but on the contrary the provision is general and unrestricted, and its intent apparent and reasonable.

It is contended that this act gives to orders and decrees of surrogates greater force than to judgments of courts of gen-

eral jurisdiction. I do not think that such was its intent, or that it so operates, but that any objection which would be valid when taken collaterally as against a judgment of a court of general jurisdiction would be equally valid against a surrogate's decree, for it would show that it was not a lawful decree. The object of the statute seems to be to preclude that class of objections, which if made to the order of a court of general jurisdiction would show that the order was simply erroneous or unsustained by proofs, and not that it was illegal and void, and to put the orders of the surrogate on the same footing.

Under the construction of the act adopted by the court below and, in which we concur, we think the allegations of the complaint sufficient to maintain this action. (*Seaman* v. *Duryea*, 11 N. Y., 324; *Thomas* v. *Bennett*, 56 Barb., 197; *Baggott* v. *Boulger*, 2 Duer, 160.)

The appellant asks leave of this court in case it should affirm the judgment, to withdraw the demurrer and put in an answer upon terms, and has presented an affidavit of merits in support of that application. The application should under the circumstances of this case be made to the court below, who may if it sees fit grant it upon such terms as to security or otherwise as it may deem just.

The judgment should be affirmed, with costs, and with leave to the defendant to apply to the Court of Common Pleas to withdraw demurrer, etc.

MILLER, EARL and DANFORTH, JJ., concur; CHURCH, Ch. J., and FOLGER, J., dissent; ANDREWS, J., absent at argument.

Judgment accordingly.