THOMAS KELLY et al., Administrators, etc., Appellants, *v.* HENRY J. WEST et al., Respondents.

Where an administrator is removed by order of a surrogate having jurisdiction of the estate, and of the administrator, the order of removal cannot be assailed in an action brought by administrators, appointed in place of the one removed, upon his official bond, because of irregularity in the proceedings for removal, assented to by him; the order is valid as to him, and if so is valid as to all others, including his sureties.

In such an action where an objection to the order of removal, of want of jurisdiction, is taken, where the order was granted by the surrogate of the county of New York, the provision of the act of 1870 in relation to said surrogate (§ 1, chap. 359, Laws of 1870), which provides that the objection of want of jurisdiction shall not be taken to his orders, except

by appeal, or in a proceeding before the surrogate, to vacate or modify it, may be invoked to sustain the order.

So, also, where the surrogate had jurisdiction to grant the new letters, they cannot be attacked in such an action for an irregularity ; the letters are conclusive as to the authority of the person to whom they are granted, until revoked or set aside.

A failure to cite the widow of the deceased is an irregularity, for which the letters might be revoked, but does not render them absolutely void.

*It seems,* that the letters would not be void for fraud in not mentioning the name of the widow in the petition for letters.

A decree of the surrogate on settlement of the accounts of the removed administrator, is binding and conclusive upon his sureties.

(Argued January 26, 1880 ; decided February 24, 1880.)

APPEAL from an order of the General Term of the Court of Common Pleas, in and for the city and county of New York, reversing a judgment in favor of plaintiffs, entered upon a verdict, and granting a new trial.

This action was brought by plaintiffs as administrators of the estate of Henry H. Richardson, deceased, against the defendants as sureties, upon the official bond of Ellen C. Richardson, late administratrix of said estate.

The facts, so far as material, are set forth in the opinion.

*W. I. Butler,* for appellants. The order of removal having been made upon proper service of a citation, and upon notice of motion, and with the consent of the person removed, and no reversal on appeal or revocation appearing, plaintiffs' authority as administrators should stand unquestioned. (*Belden* v. *Meeker,* 2 Lans., 470; 47 N. Y., 307; *Parhan* v. *Moran,* 4 Hun 717.)

*Henry B. B. Staples,* for respondents. The plaintiffs were bound to show, affirmatively, that the requirements of the statute in the removal of the previous administratrix and in their own appointment had been complied with. (Code of Civil Procedure, 532; *Dakin* v. *Hudson,* 6 Cow., 221; *Bloom* v. *Burdick,* 1 Hill, 130; *Cornell* v. *Barnes,* 7 id., 37; *Rea* v. *McEachron,* 13 Wend., 465; *Turner* v. *Roby,* 3 Comst., 193; *Corwin* v. *Merritt,* 3 Barb. [S. C.], 341.)

To show the valid exercise of the power to move an administrator, it is necessary to show that all things required by the statute have been done.    (3 R. S. [Banks' 6th ed.], 84, §§ 62, 63, 64, 65; *The People ex rel. Meyer* v. *Hartman*, 2 Sweeney, 576; *Bigelow* v. *Stearnes*, 19 J. R., 39; *Alexander* v. *Esten*, 1 Cai., 152; 2 Waite's Law and Practice, 11; *Smith* v. *Spalding*, 3 Robt., 615; 3 R. S. [Banks' 6th ed.], 84, §§ 64, 65; id., 85, § 72; *Schofield* v. *Churchill*, 72 N. Y., 565; 4 Wait's Practice, 573.)    The statute of 1870 (Laws of 1870, ch. 359, § 1) did not prevent the question of the jurisdiction of the surrogate of the county of New York being raised save by appeal from the order objected to. (*Martin* v. *Kenouse*, 2 Abb. Pr., 390; *Browning* v. *Vanderhowen*, 4 Abb. [N. C.], 172.)    The letters of administration were improperly admitted in evidence, because it was not shown that the widow had been cited to show cause why such letters should not be granted to these plaintiffs, as required by the statute, or in lieu thereof that her written renunciation had been filed.    (3 R. S. [Banks' 6th ed.], 79, § 38; *Peters* v. *Public Administrator*, 1 Brad., 200; *Turner* v. *Roby*, 3 Comst., 193; *Baker* v. *Converse*, 1 Redf., 330; *Sibley* v. *Waffle*, 16 N. Y., 184, 185; *Bloom* v. *Burdick*, 1 Hill, 130; 1 Wait's Law and Practice, 13–15; *Baker* v. *Converse*, 1 Redf., 330; *Ferguson* v. *Crawford*, 70 N. Y., 253; *Bloom* v. *Burdick*, 1 Hill, 130; *Sibley* v. *Waffle*, 16 N. Y., 180; 2 Story's Equity, § 1573; *Baden* v. *Fitch*, 15 J. R., 121; *Huggins* v. *King*, 3 Barb., 616; *Browning* v. *Vanderhowen*, 4 Abb. [N. C.], 72.)    The administratrix can not be held liable for a loss without fault on her part.    (3 R. S. [Banks' 6th ed.], 190, § 69; Dayton on Surrogates, 518; *Sheenin* v. *Public Administratrix*, 2 Redf., 424; *Thomson* v. *Brown*, 4 Johns. Chy., 619; *Chambersburg Savings Association* [Appeal ], 76 Pa., 203; *Raynor* v. *Pearsall*, 3 Johns. Chy., 578.)

EARL, J.    Henry H. Richardson, an inhabitant of the city of New York, died intestate in June, 1875 ; and in

July, Ellen C. Richardson, his widow, was appointed by the surrogate of New York to administer upon his estate. She continued to act as administratrix until March 7, 1876, when an order was made by the surrogate removing her, and these plaintiffs, one a brother of the intestate, and the other a creditor, were appointed administrators in her stead. Upon their application she was subsequently cited to appear before the surrogate and render her account as administratrix. As a result of the accounting thus had, a decree was rendered against her directing her to pay the plaintiffs the sum of $1,543.14. Upon her failure to pay this sum the surrogate directed the prosecution of her official bond, and this action was then commenced against the defendants, the sureties upon such bond. Upon the trial a verdict was directed for the plaintiffs. The defendants appealed from the judgment entered upon such verdict to the General Term, and there the judgment was reversed and new trial ordered. The plaintiffs then appealed to this court.

The plaintiffs' right to sue the defendants is assailed mainly on two grounds : *First,* that Mrs. Richardson was not lawfully removed from her office as administratrix ; and *second,* that the plaintiffs were not lawfully appointed administrators ; and both grounds must be considered.

The property of the intestate was first supposed to amount to $2,500, and the bond of the administratrix was given in reference to that amount. Subsequently it seems to have been appraised at $3,500, and the plaintiff Richardson then, on the 27th day of September, 1875, filed his petition in the surrogate's court stating this increased amount of property, and praying that the administratrix appear and give additional security, and in default thereof that she be removed. Thereupon the surrogate, on the same day, issued a citation directed to her requiring her to appear at the surrogate's office on the fifth day of October thereafter, then and there to return a further inventory of the property of the intestate and show cause why she should not give further security as administratrix, as prayed in the

petition. This citation was served upon her by leaving the same at her place of residence, and on the return day thereof, she appeared with counsel. An order of reference was then made referring the matter to a referee named in the order. Nothing of importance seems to have been done upon that reference, and it appears to have abated by common consent. Thereafter the plaintiff Richardson, upon an affidavit stating the prior petition and the citation issued in pursuance thereof, and the order of reference and proceedings thereon, and the delay and embarrassments growing out of the same, and the necessity for the removal of the administratrix, unless she would forthwith give further security in reference to the amount of property as finally appraised, and also upon the prior petition and the proceedings had thereon, made a motion in the surrogate's court for the removal of the administratrix and the revocation of the letters issued to her, unless she would forthwith "enter into sufficient securities for administering the assets of the estate in conformity with the official appraisement" thereof. Notice of motion, and copy of the affidavit upon which the same was based, were served upon her attorney. She appeared on the motion with her attorney, and the matter was adjourned, apparently to give her an opportunity to give the additional security. She was unable to give such security; and then, on the 7th day of March, 1876, an order was made revoking her letters. The order recited the reading and filing of the petition of the plaintiff Richardson and the issuing of citation thereon, and her inability to give further security, and the form thereof was assented to by her and her attorney.

We are of opinion that this order revoking the letters of administration is, at least, so far valid that it cannot be assailed in this action. If irregular, it is not void. The surrogate had jurisdiction of the estate, of the matter to be determined, and of the administratrix. The statute (3 R. S. [6th ed.], 85, § 72) provides, that "whenever it shall appear that the penalty of the bond taken from an executor, admin-

istrator or guardian is inadequate in amount, the surrogate shall have power to make an order requiring him to give additional security for the faithful performance of his duty as such executor, administrator or guardian ; and in case of non-compliance with such order the surrogate may revoke the letters granted to him." The matter was properly brought to the attention of the surrogate by the petition. It appeared that the fact existed which called for the further security. It matters not that the citation was not personally served, even if that was required, as she appeared, making no objection to the manner of service, and thus gave jurisdiction of her person. The surrogate should then, in strict compliance with the statute, have made a preliminary order requiring her to give the additional security. This he did not do. The object of such an order is to give the party cited an opportunity to give the required security. But at her request time was given to her to obtain the security. She finally came into court and acknowledged her inability to procure the additional security, and then assented to the form of order which was entered. It cannot, therefore, be said that the surrogate was without jurisdiction to make the order. The order was valid against her ; and if so valid, it was valid as to all others, including the sureties upon her official bond. If needful this is a case where section 1 of chapter 359 of the Laws of 1870 could be invoked to uphold this order. That section provides that the objection to the want of jurisdiction shall not be taken to the orders of the surrogate of New York, except by appeal from, or motion to set aside, open, vacate or modify such orders. If she were here objecting to this order, it is not disputed that this statute would answer her objection. But it is claimed that the statute does not apply in this case, because the sureties were not parties to that proceeding and could not, therefore, appeal or move therein. But that does not matter. They had no legal interest in that proceeding and could probably in no way be made parties thereto. It was a proceeding against her, and a removal lawful as to her

would be lawful as to all the world. The order, therefore, revoking the letters was lawful.

The order revoking the letters contained this clause : " And it is further ordered that letters of administration be granted jointly to Walter L. Richardson, the only brother of the deceased, and next of kin in this country, and Thomas Kelly, of the city of New York, a creditor of said estate, upon the said parties filing the proper petition therefor, and entering into such securities as this court may approve." Thereafter the plaintiff Richardson presented his petition to the surrogate, containing the necessary allegations, praying that letters be granted to him and Kelly ; and thereupon letters were so granted. The objection is now made that these letters were wholly void, because issued without any citation to the widow, or renunciation from her. The objection is not well taken. The surrogate had jurisdiction to grant the letters, and hence the statute makes them conclusive evidence of the authority of the persons to whom they were granted, until revoked or set aside : (3 R. S. [6th ed.], 87, § 90; *Roderigas* v. *The East River Sav. Inst'n*, 63 N. Y., 460.) If the widow was entitled to a citation before these letters could be issued, as required by section thirty-eight (3 R. S. [6th ed.], 79), the failure to cite her was an irregularity for which the letters could be revoked, but did not render them absolutely void. In this case the widow appeared in the subsequent proceedings taken against her, based upon these letters, and took no measures to have them revoked, and, so far as appears, made no objection to them. She is the only person who could object that she was not cited, and these defendants have nothing whatever to do with the matter.

It is further claimed that the letters are void for fraud, because the name of the widow was not mentioned in the petition for letters. There is no proof or just inference that the omission was from any evil design, as the existence and name of the widow were well known to the surrogate. Besides, the letters would not be void for such a fraud, if it existed.

It is not questioned that the proceeding subsequent to the appointment of the plaintiffs as administrators, which resulted in a decree against the widow of the intestate as administratrix, including the order for the prosecution of her bond, were conducted in conformity to law ; but the objection is made that the decree did not conclude these defendants. On the trial it was admitted that the funds for which the decree was rendered were lost without any malfeasance or fault on the part of the administratrix ; but the court held that the defendants were precluded from the benefit of the admissions by the decree. In this there was no error. The surrogate had jurisdiction, and the decree is, therefore, binding upon the defendants as sureties : (*The People* v. *Downing*, 4 Sandf., 189; *Thayer* v. *Clark*, 48 Barb.; 243; affirmed in Court of Appeals, 41 N. Y., 620; *Miller* v. *Montgomery*, 78 id., 282.)

It follows that the order of the General Term must be reversed, and judgment upon the verdict affirmed with costs.

All concur.

Order reversed and judgment affirmed.