ANDREW HARRISON et al., as Administrators, etc., Respondents, *v.* JOHN CLARK et al., Appellants.

The decision of a surrogate, adjudging the amount to be paid over by an administrator who has been removed, if valid as against him is valid as against the sureties upon his bond ; when their principal is concluded, they, in the absence of fraud or collusion, are concluded also.

Such a decree may properly be made on the application of an administrator appointed in place of one removed.

The new administrator, upon taking an assignment of the bond of his predecessor, is entitled to enforce it for the benefit of the estate.

The surrogate of the county of New York has authority to revoke letters of administration when the administrator has become incompetent to act by reason of the causes specified in the statute (§ 1, chap. 359, Laws of 1870; § 34, chap. 460, Laws of 1837) ; and upon such revocation he may grant new letters to other persons. (2 R. S. 78, § 45; chap. 466, Laws of 1863.)

Although such jurisdiction is defined and limited by statute, if it has been exercised by said surrogate after jurisdiction of the person of the administrator sought to be removed has been acquired by proper service of citation, where the facts of the particular case do not bring it within the statute, or without pursuing the particular mode pointed out, it is notwithstanding a "lawful order" within the meaning of the act of 1870, relating to said surrogate (§ 1, chap. 359, Laws of 1870), and the only remedy is by appeal, or by motion before the surrogate ; his order or decree cannot be attacked for want of jurisdiction, in an action by the new administrator upon the bond of his predecessor.

(Argued January 18, 1882 ; decided January 31, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made December 17, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought upon an administrator's bond.

In August, 1870, one Ralph Dawson was appointed by the surrogate of the county of New York, administrator, with the will annexed, of Edward Harrison, deceased, and letters were issued to him. The defendants became his sureties.

In February, 1878, Andrew Harrison, one of the legatees, filed his petition with the surrogate, asking for a revocation of such letters, and that the administrator be required to account. Thereupon the surrogate issued a citation, requiring Dawson to

show cause on the 4th day of March, 1878, why he should not be removed as such administrator. The citation was served by leaving a copy at the place of residence of Dawson in Kings county, the person who served it having been then and there advised that he was in the west, but where was not disclosed. On the return day there was no appearance by or for the administrator; and, upon the proof of such service, and that only, except what was stated in the petition, an order was made superseding Dawson as administrator and revoking his letters. In the petition for the removal of Dawson, it was alleged that he had not invested the legacy given to the petitioner as required by law, but used the same in his business, paying interest thereon to the petitioner at the rate of six per cent per annum until about October, 1877, at which time he failed in business, and became wholly insolvent, without, as the petitioner was informed, in any way securing the sum in his hands in trust; and also that, since his failure, he has left the State, although his family remained at 500 Willoughby avenue, in Brooklyn, his residence up to that time. It further alleges that the petitioner, although he had made diligent inquiry, could not ascertain the whereabouts of Dawson, but was informed that he was in one of the western States. It also alleged that he believed the trust fund to be in danger of total loss unless promptly secured. The order revoking the letters of administration stated, as a cause for the revocation, that it appeared by the petition and the affidavit of H. A. Heath that the administrator had absconded from the State. In May following, the surrogate issued letters of administration, with the will annexed, upon the estate of the deceased to the plaintiffs. The plaintiffs then, as such administrators, filed a petition asking for a citation requiring Dawson to appear and account for his proceedings as administrator, and, on the 9th of July, 1878, an order was made referring it to R. F. Farrell, Esq., to take and state an account. The citation was served by leaving it at the house of Dawson, he having absconded. The result of that proceeding was a decree entered on the 16th day of July, 1878, confirming the report of the referee, and

adjudging that Dawson had in his hands belonging to the estate $4,133.57, and directing that he pay the same to the plaintiffs. The bond in suit given by Dawson was assigned to plaintiff, who thereupon brought this action. After the issues had been joined, and on the 9th of December, 1878, on application therefor, the order of revocation was amended *nunc pro tunc,* by adding that the administrator had become incompetent by law to act as such by reason of improvidence.

*Townsend & Mahan and George Horner* for appellants. The defendants properly pleaded in this action the want of jurisdiction of the surrogate, and the nullity of his several orders and of the decree entered July 17, 1878. (Laws of 1870, chap. 359, § 1; *Arnett* v. *Kerr,* 35 N. Y. 256; Redf. Pr. 428–9; *Bearns* v. *Gould,* 77 N. Y. 455; *Seaman* v. *Whitehead,* 78 id. 306; *Bevan* v. *Cooper,* 72 id. 317.) The order entered March 4, 1878, was illegal, null and void for the reason that the petition conferred no jurisdiction upon the surrogate to order a citation to issue, or to issue a citation, and the citation was not properly served. (2 R. S. 72, §§ 18, 19, 20, 22; Redf. Pr. 139, 145, 171; Laws of 1837, chap. 460, § 25, amended 1862, id., § 27; 2 R. S. 83, § 19; id. 92, § 53; *People* v. *Corleis,* 1 Sandf. 228; *People* v. *Barras,* 12 Wend. 492; *Corwin* v. *Merritt,* 3 Barb. 341; *Poff* v. *Kinney,* 1 Bradf. 1; *Sheldon* v. *Wright,* 5 N. Y. 494.) The letters issued by the surrogate to the plaintiffs were improperly received, against the objection of defendants, as they were illegally issued, and are void and of no effect. (2 R. S. 71, §§ 12, 14, 17; id. 72, § 21; id. 78, § 45; Redf. Surr. Pr. 152–153.) The order based upon the petition to account was not legally served, and all subsequent proceedings consequently are unauthorized by statute and are void. (Laws of 1837, chap. 480, § 76; Redf. Surr. Pr. 366, art. IV; 2 R. S. 94, § 64.) This action could only be maintained by a trustee appointed by the Supreme Court, to whom Dawson would have been accountable. (*Dominick* v. *Michael,* 4 Sandf. 374; *Beekman* v. *Bonsor,* 23 N. Y. 298; *Le Fort* v. *Delafield,* 3 Edw. 32.) The certified copies tran-

script, and of execution, etc., and also the order of the surro-
gate purporting to direct an assignment to the plaintiffs of the
bond, conferred no authority on the plaintiffs to bring suit, nor
right of recovery in this action.   (Redf. Surr. Pr. 427–8.)

*E. Terry* for respondents.   The surrogate has power to re-
move an administrator when, for any cause, he becomes inca-
pable of executing the trust.   (Laws of 1837, chap. 466, § 34;
2 R. S. [4th ed.] 264, § 56 ; Edm. Stat. 493, § 34; 2 R. S. [Edm.
ed.] 79–80, §§ 44, 45 ; 2 Edm. Stat. 74, § 22; id. 78, § 41;
*Coope* v. *Lowerre*, 1 Barb. Ch. 45 ; *Emerson* v. *Bowers*, 14
N. Y. 449; *Shields* v. *Shields*, 60 Barb. 56 ; 1 Bradf. 148,
p. 146.)   If the surrogate had jurisdiction to remove Dawson,
his order removing him was conclusive, and no particular form
of order was necessary, nor was it necessary to recite the grounds
of removal in the order.   (*Matter of Marsh*, 71 N. Y. 315 ;
*Porter* v. *Purdy*, 29 id. 110 ; *Sheldon* v. *Wright*, 5 id. 497;
*Roderigas* v. *East R. Sav. Instn.*, 63 id. 460; Laws of 1870,
chap. 359, § 1 ; *Kelly* v. *West*, 80 N. Y. 139 ; *Casoni* v. *Je-
rome*, 58 id. 315 ; *Dayton* v. *Johnson*, 69 id. 419, 426; Code,
§ 3721, as amended by Laws of 1879, p. 607; *Produce Bk.* v.
*Morton*, 67 N. Y. 199; Code, §§ 723, 724; *Gerould* v. *Wil-
son*, 81 N. Y. 573.)   The surrogate having had jurisdiction to
remove Dawson and to appoint administrators in his place, the
Surrogate's Court has the power always to grant complete re-
lief, in a proper case.   (*Bearnes* v. *Gould*, 77 N. Y. 455 ;
Laws of 1870, chap. 351 ; *Bowne* v. *Steiger*, 10 Weekly Dig.
182 ; *Richardson* v. *West*, id. 65 ; Laws of 1865, chap. 733.)
The evidence not warranting a verdict adverse to the ruling of
the court, the court made no error in ordering a verdict for the
plaintiffs.   (*Cagger* v. *Lansing*, 64 N. Y. 427.)

ANDREWS, Ch. J.   The decision of the surrogate of the city
and county of New York, made on the 17th day of July,
1878, upon the petition of the plaintiffs, as administrators with
the will annexed, of the estate of Edward Harrison, deceased,
adjudging that Dawson, the former administrator, was charge-

able, as such administrator, with the sum of $4,133.57, and directing him to pay over said sum to the plaintiffs as his successors, if valid as to Dawson, was valid also as to the defendants, his sureties on the administration bond, executed on his appointment. The sureties are bound, because by their contract they are privy to the proceedings against their principal, and when the principal is concluded, they, in the absence of fraud or collusion, are concluded also. (*Casoni* v. *Jerome*, 58 N. Y. 316, and cases cited.) The decree, if otherwise valid, was properly made on the application of the plaintiffs. By chapter 733 of the Laws of 1865, on the revocation, of letters, the superseded or removed executor or administrator may be called to account before the surrogate, on the application of his successor in the trust. The plaintiffs having been appointed administrators in place of Dawson, and taken an assignment of the bond, are entitled to enforce it for the benefit of the estate. (Laws of 1837, chap. 460, § 65; *Dayton* v. *Johnson*, 69 N. Y. 419.) We think the act, chapter 359 of the Laws of 1870, is a complete answer to the claim of the defendants, that the surrogate had no jurisdiction to make the order of March 4, 1878, superseding Dawson and revoking the letters issued to him, and the order of May 16, 1878, granting letters to the plaintiffs, or the decree of July 17, 1878. By the general statute, a surrogate has authority to revoke letters of administration, when it shall be made to appear, that an administrator has become incompetent to act by reason of improvidence or other causes specified. (Laws of 1837, chap. 460, § 34.) So also he is authorized, upon the revocation of letters, to grant new letters to other persons. (2 R. S. 78, § 45; Laws of 1863, chap. 466.) The act of 1870 provides (§ 1), that "the surrogate of the county of New York shall have power and jurisdiction to issue all lawful process upon allegations duly verified, and to make and enter all lawful orders and decrees in proceedings in the Surrogate's Court of said county, and the objection of want of jurisdiction shall not be taken to said orders and decrees, except by appeal in the manner prescribed by statute, or in a proceeding to set aside, open, vacate or

modify the same, and the said surrogate shall have the same power to set aside, open, vacate or modify the orders or decrees of the said court as is exercised by courts of record of general jurisdiction." It will be observed that this act applies to cases where jurisdictional defects exist in the orders or decrees of the surrogate, and the specific object of the statute seems to have been, to prevent their validity from being questioned for want of jurisdiction, except by appeal, or upon a direct proceeding to vacate, open, or modify them. But the act does not cover a case where the surrogate had no jurisdiction of the general subject-matter, or of the party, and no right, under any circumstances, to deal with the matter to which the order or decree relates. This is the construction given to the words "lawful orders or decrees," in the case of *Bearns* v. *Gould* (77 N. Y. 455). It is true that the jurisdiction of the surrogate to issue letters of administration, and to revoke them, and appoint another administrator in place of an administrator who has died or been removed, is defined and limited. But if the jurisdiction has been exercised, when the facts of the particular case do not bring it within the statute, or without pursuing the particular mode pointed out, then the only remedy, we apprehend, is under the statute of 1870, by appeal or motion. The order in such case is a lawful order within the purview of the act, and the question of jurisdiction can only be raised in the way provided thereby. This view disposes of the question in this case. The surrogate had jurisdiction of the subject-matter of the removal and appointment of administrators, and to compel an accounting by a removed administrator; and he acquired jurisdiction of the person of Dawson, by the service of citations, in the manner authorized by the law and practice of surrogates' courts. Whether he transcended the limitations of the statute, in removing him for the cause specified, either in the order of March 4, 1878, or the amended order of December 9, 1878, or in appointing the plaintiffs in his place, or in the other proceedings, can only be considered in a direct proceeding by appeal or by motion, and the validity of the sev-

eral orders or proceedings cannot be questioned collaterally. The sureties will be exonerated by the payment of the debt to the plaintiffs, and this is the only interest they have in the question. (See *Kelly* v. *West*, 80 N. Y. 139.)

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.