NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—April, 1884.

## MOORHOUSE V. HUTCHINSON.

*In the matter of the estate of* HIRAM HUTCHINSON,
*deceased.*

A petition having been filed, asking for the revocation of letters testa-
mentary upon allegations of physical incompetency and improvident
management on the part of the executrix, she objected to its con-
sideration on the ground that the same matters therein assigned as
causes for her removal were at issue in another proceeding in the
same court, in which the Surrogate had made an order of reference.
It appearing that she had taken an appeal from the order mentioned,
which appeal was still pending,—
*Held,* that the objection must, for this reason, be overruled.

A petition cannot be deemed proof of the truth of its own allegations.
Hence, under the provision of Code Civ. Pro., § 2686, that " upon
proof, *by affidavit* or oral testimony, satisfactory to the Surrogate, of
the truth of the allegations contained in the petition " in a special
proceeding for the revocation of letters testamentary or of adminis-
tration, a citation must be issued according to its prayer, the petition
must be supplemented by extrinsic written allegations, unless oral
proof is adduced.

The provision quoted is to be distinguished, in the particular specified,
from such another, *ex. gr.,* as Code Civ. Pro., § 2661, relating to an
application for a grant of letters of administration, wherein a citation
is forbidden to be issued " until the petitioner presumptively proves,
by affidavit or otherwise, to the satisfaction of the Surrogate, *the ex-
istence of all the jurisdictional facts.*"

Under Code Civ. Pro., § 2534, applying the provisions of id., §§ 523–
526 to the verification of a petition or other paper in a special pro-
ceeding in a Surrogate's court, or before a Surrogate, an affidavit,
made by the " attorney of record " of a petitioner, to the effect that
the petition is true, etc., stating, as a reason why he makes it, that the

latter is absent from the State, and designating, as the grounds of his belief, the records of the court, and letters of and conversations with the parties, is a sufficient verification.

PETITION by Mary F. Moorhouse, daughter of the testator, and legatee and devisee under his will, for the revocation of letters testamentary issued thereunder to Mary Ann Hutchinson, testator's widow.   The facts appear sufficiently in the opinion.

O. J. WELLS, *for petitioner.*

CHAS. H. WOODRUFF, *for executrix.*

THE SURROGATE.—By this proceeding, the daughter of decedent applies for a decree revoking the letters testamentary now held by his widow.   The petition declares that the respondent is physically incompetent to perform the duties of her trust ; that she has sold property of the estate at less than its true value ; that she has made loans unauthorized by law, and upon inadequate security ; and that, in divers ways, she has improvidently managed the affairs of the estate.   Upon the return day of the citation issued upon this petition, the respondent's attorney interposed several preliminary objections which will now be passed upon.

*First.*   He claims that substantially the same matters which are here assigned as causes for the removal of the executrix are now at issue in another proceeding in this court.   This is true, and if the reference which the Surrogate ordered in that proceeding were now actually going on, I should very likely postpone action upon the present petition until the coming in of the referee's report, but as respondent's counsel has chosen to appeal from the order of reference, I must overrule his objection.

*Second.* The respondent claims, through her counsel, that the direction for issuance of citation was improvidently given in this case, in view of insufficiency of proof of the allegations in the petition.

Section 2685 of the Code of Civil Procedure provides that in certain cases, in such section specified, a "person interested in the estate of a decedent may present to the Surrogate's court . . . a written petition duly verified, praying for a decree revoking . . . . letters, and that the executor may be cited to show cause why a decree should not be made accordingly."

The next section (2686) declares that "a petition presented as prescribed in the last section must set forth the facts and circumstances showing that the case is one of those therein specified. *Upon proof by affidavit or oral testimony, satisfactory to the Surrogate, of the truth of the allegations contained in the petition,* a citation must be issued according to the prayer thereof."

Counsel for the respondent claims that a petition for an executor's removal can never of itself suffice to justify the issuance of citation, but that, however specific may be its contents, it must be supported by "affidavit or oral testimony" before its prayer can be lawfully granted. If the language under consideration were not so clear and explicit as to demand this interpretation, I should be little disposed to sustain the respondent's contention.

As a petition for revocation of letters is now required to be in writing, and to be duly verified, and to contain specific allegations showing that it ought to be granted, there would seem to be no good reason why, upon its

presentation, a citation should not issue ;* if not in all cases, at least in cases where, in the judgment of the Surrogate, additional proof was deemed unnecessary. But to construe the provision in question, as giving the Surrogate discretionary authority to require additional proof, rather than as making such proof a prerequisite to the issue of citation, is to do violence to the language of the statute. For what is it respecting which the Surrogate must, before issuing citation in accordance with the prayer of petitioner, be satisfied "by affidavit or oral testimony?". He must be satisfied of *"the truth of the allegations contained in the petition."*

Manifestly, the petition itself can never afford such proof of the truth of its own allegations as to satisfy the requirements of this language.

Counsel for the petitioner argues that, if the respondent's contention is correct, it may be urged, with equal pertinency and force, in the matter of applications for letters of administration under § 2661, and that to sustain this view would be to invalidate many of such letters granted since the enactment of the Code, upon verified petitions unaccompanied by other proofs.

Even if it should be held that the practice in this regard has been erroneous, it by no means follows that the consequences would be so serious as is claimed (see Harrison v. Clark, *87 N. Y., 572*). But I do not think that the analogy between the two sections 2661 and 2686 is as complete as the petitioner's counsel urges. Section 2660 provides that a person entitled to adminis-

---

*And see Code Civ. Pro., § 3343, subd. 11: "The word 'affidavit' includes a verified pleading in an action, or a verified petition or answer in a special proceeding."

tration may present to the Surrogate's court a written petition duly verified, praying for a decree awarding letters, and it declares what facts must be stated in such petition. The next section, 2661, provides that "a citation shall not be issued until the petitioner presumptively proves, *by affidavit or otherwise*, to the satisfaction of the Surrogate, *the existence of all the jurisdictional facts.*" And it further provides that, "for the purpose of the inquiry touching any of these matters, the Surrogate may issue a subpœna requiring any person to attend and be examined as a witness." These provisions, taken together, may fairly be construed as meaning that the Surrogate is not bound to issue citation upon the mere presentation of a written petition, even though the same be duly verified and sufficiently exact in its statements, but that before directing the citation to issue he may, in his discretion, require additional proof of the facts and circumstances upon which the proceeding is based. "By affidavit or otherwise," the Surrogate must be satisfied, under § 2661, of "the existence of all the jurisdictional facts." But under § 2686 it is "by affidavit or oral testimony" that he must be satisfied, not of the "existence of all the jurisdictional facts," but of "the truth of the allegations contained in the petition." I must sustain the respondent's objection. The citation heretofore issued must be dismissed, without costs, and the petitioner is granted leave to apply for another, first supplementing her petition by affidavit or oral proof, as she may be advised.

*Third.* I overrule the objection to the form of verification. By § 2534 of the Code the provisions of §§ 523,

524, 525, and 526, respecting the mode of verification of pleadings, are made applicable to proceedings in this court. Section 525 allows certain exceptions to the rule that such verifications must be made by the affidavit of the party. One of these exceptions is where the party is not within the county where the attorney resides.

Section 526 declares that, where the affidavit of verification is made by a person other than the party, he must set forth in the affidavit the grounds of his belief as to all matters not stated upon his knowledge, and the reason why it is not made by the party.

Now, in the present case, the attorney of record who signs the petition alleges in his affidavit of verification that the petition is true, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true. He swears that he verifies the petition because of the absence of the petitioner from the State, and declares that the grounds of his belief in the truth of the averments in the petition are the records of the Surrogate's court, letters of the parties concerned, and conversations with them.

I think that this is a substantial compliance with the statute.