## MURZYNOWSKI *v.* DELAWARE, L. & W. R. Co.

*(Superior Court of Buffalo, Trial Term.  March 10, 1891.)*

1. SURROGATE'S DECREE—COLLATERAL ATTACK—JURISDICTIONAL FACTS.
  Code Civil Proc. N. Y. § 2473, provides that, where an order or decree of a surrogate's court is collaterally attacked, and the parties were cited or appeared, "the jurisdiction is presumptively, and, in the absence of fraud or collusion, conclusively, established by an allegation of the jurisdictional facts contained in a written petition or answer duly verified."  Section 2474 provides that "the surrogate's court obtains jurisdiction in every case by the existence of the jurisdictional facts prescribed by the statute," and that "an objection to a decree or other determination, founded upon an omission therein or in the papers upon which it was founded of the recital or proof of any fact necessary to jurisdiction, which actually existed, or the failure to take any intermediate proceeding required by law to be taken, is available only on appeal."  *Held*, that a decision of the surrogate's court cannot be collaterally attacked where the court had jurisdiction of the general subject-matter and of the parties, and it is not necessary that jurisdictional facts should be alleged in a petition or answer.

2. SAME—EXERCISE OF JURISDICTION.
  Code Civil Proc. N. Y. § 2472, subd. 7, which provides that the general jurisdiction of the surrogate's court "must be exercised in the cases and in the manner prescribed by the statute," does not limit the exercise of power to the specific mandates of the statute, so that a failure to observe them renders the proceeding void.

Action by Magdalena Murzynowski, as administratrix of Paul Murzynowski, deceased, against the Delaware, Lackawanna & Western Railroad Company.  Defendant moves to set aside a verdict for plaintiff, and for a new trial on the judge's minutes.

*George W. Cothran*, for plaintiff.  *John G. Milburn*, for defendant.

HATCH, J.  The answer of the defendant herein alleged as a defense that prior to the commencement of the present action another action by the same party had been begun to recover damages for the same cause of action, which former action had been, upon order of the surrogate of Erie county, settled and compromised by the plaintiff, upon the payment to her of the sum of $250, and that thereupon plaintiff had executed and delivered to defendant a release of said cause of action, and of all liability for and on account of the

matters alleged therein.   Upon the trial of the present action defendant of-
fered in evidence an unverified petition of plaintiff herein, addressed to the
surrogate of Erie county, showing that she was appointed administratrix of
the goods, chattels, and credits of Paul Murzynowski, and qualified as such;.
that she had brought an action against the present defendant to recover for
the death of said intestate; that she was offered in settlement the sum of
$250; that said intestate had left herself and several children; that the
chance of recovering in such action was extremely doubtful; and praying to
be allowed, upon the payment of said money, to settle and release the cause
of action.   Defendant also offered in evidence an order of said surrogate,.
based upon the petition, granting the prayer thereof; also a release, under
seal, executed by plaintiff as administratrix, acknowledging satisfaction of
the cause of action, and the payment of $250.   Objection was made by
plaintiff to the reception of these documents in evidence.   The court sus-
tained the objection, and excluded each of them, to which ruling de-
fendant took exception.   The ground of objection and the ruling of the
court rested on the claim that the petition presented to the surrogate was un-
verified, and the facts stated therein were insufficient to confer jurisdiction
upon the surrogate to make the decree, and in consequence the entire pro-
ceeding was void.   Limited letters of administration were granted to plain-
tiff, as provided for in section 2667, Code.   By this section it is provided
that the surrogate may, in his discretion, issue such letters, and accept mod-
ified security, where a right of action is granted to an administrator by spe-
cial provision of law for the purpose of the prosecution of such action.   In
such case the administrator shall be restrained from compromising the action
or enforcing any judgment recovered therein, "until further order of the
surrogate on additional further satisfactory security."   The letters issued in
this case contained the restraining clause.   The ruling of the court can only
be sustained upon the ground that the decree authorizing the compromise
was absolutely void, and such is plaintiff's contention.
   To determine this question involves an examination of the powers and ju-
risdiction conferred by law upon surrogates' courts.   The Code has made
them courts of record, and their jurisdiction has been the subject of examina-
tion many times.   In *Bearns* v. *Gould*, 77 N. Y. 455, action was brought to
charge a surety upon a bond given by a guardian, who had been removed by
the surrogate, and ordered to pay a certain sum, and, in event of default, au-
thorizing the prosecution of the bond.   The complaint alleged the order of
the surrogate fixing the amount of the default, the order of removal, and di-
recting prosecution.   Demurrer was interposed upon the ground that the
complaint failed to state facts constituting a cause of action.   The argument
to sustain the demurrer claimed that it did not affirmatively appear that the
court had jurisdiction to make the order, or that the proceedings taken re-
sulting therein were in accordance with the statute.   The court held the com-
plaint good, upon the authority of Laws 1870, c. 359, which placed orders
and decrees of the surrogate of New York on the same footing with orders
issued by a court of general jurisdiction, and that they could not be ques-
tioned collaterally.   In *Harrison* v. *Clark*, 87 N. Y. 572, a similar question
arose, and it was there held, upon the authority of the same statute, that
where jurisdictional defects exist in the orders of the surrogate, the object
of the statute is to prevent their validity being questioned for want of juris-
diction, except by appeal, or in a direct proceeding for that purpose.   The
only restriction which remains seems to be that, if there be lack of jurisdic-
tion of the general subject-matter or the person, and no right exists under
any circumstances to make the order or decree, it may be attacked in any
proceeding, collateral or otherwise.   It is true that the cases referred to were
controlled in their decision by the special statute applicable to the city of
New York; but by sections 2473, 2474, Code, substantially such rule is now

the general law governing all surrogates' courts, the object being, with respect to surrogates' courts, to place their orders and decrees upon the same footing as obtains in courts of general jurisdiction. See Throop's note to section. The result counsel for plaintiff strenuously combats, and the claim is made that section 2473 requires in all cases an allegation of jurisdictional facts contained in a written petition or answer, duly verified, or no jurisdiction is conferred to act. This language of the section is: "Where the jurisdiction of the surrogate's court to make  *  *  *  a decree or other determination is drawn in question collaterally, and the necessary parties were duly cited, or appeared, the jurisdiction is presumptively, and, in the absence of fraud or collusion, conclusively, established, by an allegation of the jurisdictional facts contained in a written petition or answer, duly verified, used in the surrogate's court." It is quite evident that this section does not seek to regulate the practice which shall obtain in surrogates' courts. If it did, then it is clear that no decree could be upheld unless founded upon a written petition, duly verified, containing a statement of jurisdictional facts. That such is not the rule clearly appears from section 2533, where it is made discretionary with the surrogate to take oral proof or require a written petition, unless the act expressly provides for a written petition. By reference to section 2667, where authority is found to authorize the compromise, no such proof is required. It was so expressly held in *O'Connor* v. *Huggins*, 113 N. Y. 511, 21 N. E. Rep. 184, where the court says: "The surrogate was. not confined to any form of procedure, or to any mode of proof, in acting upon an application for letters.  *  *  *  The plea, when urged collaterally, that the decision was erroneous, must always be unavailing.  *  *  *  The surrogate had jurisdiction to grant the letters, and hence the statute makes them conclusive evidence of the authority of the persons to whom they were granted until revoked or set aside." Section 2473 does not say that the order or decree shall be void if there be no written verified petition; but, if there be such petition, it is presumptive; and, if no fraud or collusion appear, it is conclusive, so that no proof would be admissible to shake it. In the absence of proof showing the want of jurisdiction as a fact, it is not made incumbent upon the person relying upon the order to make proof of facts showing jurisdiction, nor does it become void if no proof is made. The section is drawn to protect the order or decree, not to destroy it; and, if not founded on such verified petition, the attacking party is at liberty to show as a fact, not that there never was a petition, but that the jurisdictional facts did not exist, and that in fact the surrogate never had jurisdiction of the subject-matter to make the order. That allegation appearing, the petition would conclude even that proof. This construction is in harmony with the following section, 2474, which provides: "The surrogate's court obtains jurisdiction in every case by the existence of the jurisdictional facts prescribed by the statute.  *  *  *  An objection to a decree or other determination, founded upon an omission therein, or in the papers upon which it was founded, of the recital or proof of any fact necessary to jurisdiction, which actually existed, or the failure to take any intermediate proceeding required by law to be taken, is available only on appeal." No language can make more plain this provision or the rule intended to be established by the two sections. This construction is not in conflict with *Hood* v. *Hood*, 85. N. Y. 561, or *People* v. *Corlies*, 1 Sandf. 229. Both cases arose before the adoption of the Code. Nor do I think them applicable here in any event. In the case first cited there had been no decree made by the surrogate which the executor had disobeyed, nor had any execution been issued against him and returned unsatisfied, nor had the surrogate assigned or ordered the prosecution of the bond, all of which the statute required. These facts appeared, and, as they were essential, in order to create liability against the sureties in the bond, it was held that no action could be maintained. This presents a

very different question from one where the surrogate had jurisdiction to make the order, and has made it. With respect to proof of service upon the infants therein, the Code has changed the rule. In the *Corlies Case* a similar question was presented. These cases stand upon their own facts, and are not in conflict with the long line of decisions which have protected surrogates' orders and decrees from collateral attacks. *Jackson* v. *Robinson*, 4 Wend. 437; *Farley* v. *McConnell*, 7 Lans. 428, affirmed on appeal, 52 N. Y. 630; *Johnston* v. *Smith*, 25 Hun, 171; *Kelly* v. *West*, 80 N. Y. 139; *Roderigas* v. *Savings Inst.*, 76 N. Y. 320, 321; *Crosier* v. *Steam-Boat Co.*, 27 Hun, 215. In the present case the surrogate had jurisdiction to grant the letters of administration. All the persons were before the court, and all proceedings essential to that end were taken. The court also had jurisdiction to make an order authorizing a compromise of the action. It therefore had jurisdiction of the general and particular subject-matter. The evidence tended to show that an action to recover damages, for which this action was brought, was then pending. The plaintiff testifies she was present in court, so that, to the extent necessary, the court had jurisdiction of the person. Having this jurisdiction, the manner of its exercise was a question of practice. If there was a failure to observe the statutory requirements in this regard, it does not go to the jurisdiction, but was an irregularity merely. The other particular defects pointed out consist in the claims: *First.* That the last clause of subdivision 7, § 2472, Code, relating to the general jurisdiction of surrogates' courts, which provides, "This jurisdiction must be exercised in the cases and in the manner prescribed by the statute," limits the exercise of power to the specific mandates of the statute, and a failure to observe them renders the proceeding void. Such construction of this clause has been condemned in *Hartnett* v. *Wandell*, 60 N. Y. 346, where Judge ALLEN says: "The last paragraph of the section, declaring that the powers conferred shall be exercised in the cases and in the manner prescribed by the statutes of the state, does not limit or restrict the jurisdiction or qualify the general terms of the statutes conferring the jurisdiction and defining the powers of the surrogate." And again: "That part of the act which declares that he shall exercise the powers conferred in the manner prescribed by law is not jurisdictional, unless it is restricted in its operation to the manner of acquiring jurisdiction by citation or other process, or by proof of the facts upon which jurisdiction depends, as the case may be. As a regulation of practice, when the surrogate has jurisdiction, it is modal, and does not affect the powers of the magistrate. A substantial compliance with the statutes would satisfy the act; and the statutes regulating the mode of procedure, like all rules of practice, should be liberally construed. * * * Neither a literal or technical construction * * * should be given to the statutes only affecting the mode of procedure in the surrogates' courts." Id. 353, 354. Cited with approval in *Martin* v. *Railway Co.*, 92 N. Y. 75. *Second.* It is claimed that the order is void for the reason that the surrogate did not require "additional further satisfactory security." Similar clauses were long ago held to be directory. *Bloom* v. *Burdick*, 1 Hill, 134; *Sheldon* v. *Wright*, 5 N. Y. 512; *Farley* v. *McConnell*, 52 N. Y. 630. It follows from these views that the evidence should have been received. The verdict of the jury is therefore set aside, and a new trial ordered, costs to abide the event.