## COE BRASS MFG. CO. v. SAVLIK.

(Circuit Court of Appeals, Second Circuit. April 4, 1899.)

### No. 119.

1. CIRCUIT COURT OF APPEALS—JURISDICTIONAL QUESTIONS.

The circuit court of appeals has no authority, under its appellate powers, to adjudge whether the court below erroneously determined that it had jurisdiction of the person of defendant. Act March 3, 1891, §§ 5, 6.

2. ADMINISTRATION—NONRESIDENTS—DECREE—COLLATERAL ATTACK.

Code Civ. Proc. N. Y. § 2476, authorizes the surrogate's court to grant letters of administration "where the decedent, not being a resident of the state, died without the state leaving personal property within" the county, "or leaving personal property which has since his death come into" the county, "and remains unadministered." *Held*, that where the petition for letters alleged that decedent, a nonresident, died possessed of personalty which since his death had come into the county, and there was no allegation that the property remained unadministered, and no evidence of that fact, and the decree recited no jurisdictional fact, but was based on the petition, and the letters recited that decedent died intestate, not being an inhabitant of the county, "but leaving assets therein," but there was no evidence of the latter fact, the grant of letters was without jurisdiction, and hence subject to collateral attack.

In Error to the Circuit Court of the United States for the Southern District of New York.

Edw. C. Perkins, for plaintiff in error.

F. W. Catlin, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury. Error is assigned of the rulings upon the trial that the court had jurisdiction of the person of the defendant, and that the plaintiff, as an administratrix, could maintain the action.

This court has no authority, under its appellate powers, to adjudge whether the court below erroneously determined that it had jurisdiction of the action. U. S. v. Jahn, 155 U. S. 109, 15 Sup. Ct. 39. Consequently, only those assignments of error will be considered which relate to the capacity of the plaintiff to maintain the action.

The action was brought by the plaintiff, as the administratrix of John Savlik, deceased, appointed by the surrogate's court of the city and county of New York, to recover damages for his death, caused, as was alleged, by the negligence of the defendant. The defendant alleged in its answer that the letters of administration granted to the plaintiff by the surrogate's court were void for want of jurisdiction in the premises.

It appeared in evidence that John Savlik was a resident of the state of Connecticut, and died there in April, 1897. His widow, shortly after his death, removed to the city of New York, bringing with her a small sum of money, which she had realized by selling the household furniture and collecting a demand which had be-

longed to him. In the meantime she had been appointed adminis-
tratrix of his estate in Connecticut by the probate court of the last
domicile of her husband, and, according to the record of that court,
had accepted the trust. The proceeding seems to have been taken
by the procurement of the defendant, with a view of effecting a
settlement of its liability for damages for causing the death of her
husband.

After her removal to New York, and in October, 1897, she made
application to the surrogate's court for letters of administration
upon the estate of her husband. Her petition stated that John
Savlik was, at the time of his death, a resident of Connecticut,
and that he died on the 1st day of April, 1897, "possessed of cer-
tain personal property which since his death came into the county
and state of New York." Upon this petition, and no other evi-
dence, the surrogate's court made a decree or order that letters
of administration be awarded her. The letters, granted October
12, 1897, recited that John Savlik departed this life intestate on
the 1st day of April, 1897, "not being at or immediately previous
to his death an inhabitant of the county of New York, but leaving
assets therein," by reason whereof the administration appertains,
etc.

At the close of the evidence the defendant moved for the direc-
tion of a verdict in its favor, upon the ground that the surrogate's
court of the city and county of New York had no jurisdiction to
grant the letters of administration, because it appeared that there
were no assets in that county at the time of the death of John
Savlik, and that there were none brought into that county after
his death remaining unadministered. The denial of this motion
by the trial judge is assigned as error.

By the statutes of New York, the surrogate's court obtains ju-
risdiction by the existence of the jurisdictional facts prescribed
by the statute and by the citation or appearance of the necessary
parties; but an objection to a decree or other determination found-
ed upon any omission therein, or in the papers upon which it was
founded, of the recital or proof of any fact necessary to jurisdic-
tion, which actually existed, is available only upon appeal. Code
Civ. Proc. § 2474. Where the jurisdiction to make a decree or
other determination is drawn in question collaterally, and the
necessary parties were duly cited or appeared, the jurisdiction is
presumptively, and, in the absence of fraud or collusion, conclu-
sively, established by an allegation of the jurisdictional facts con-
tained in a petition used in the surrogate's court. Id. § 2473.
Among the cases in which the surrogate's court of each county has
jurisdiction, exclusive of any other surrogate's court, to grant let-
ters of administration, are those "where the decedent, not being
a resident of the state, died within that county, leaving personal
property within the state, or leaving personal property which has
since his death come into the state and remains unadministered";
and "where the decedent, not being a resident of the state, died
without the state leaving personal property within that county,
and no other; or leaving personal property which has since his

death come into that county, and no other, and remains unadministered." Id. § 2476.

It is well settled by the adjudications of the courts of New York that, although surrogates' courts are courts of special and limited jurisdiction, their orders or decrees are conclusive where jurisdiction to act exists until they are revoked or are reversed on appeal; and that whenever they decide, upon evidence having a legal tendency to support the finding, that a jurisdictional fact exists, that decision, although erroneous, cannot be annulled by a collateral attack. O'Connor v. Huggins, 113 N. Y. 511, 21 N. E. 184; Bolton v. Schriever, 135 N. Y. 65, 31 N. E. 1001. These adjudications, however, cannot avail to support an exercise of judicial power made without any evidence before the surrogate's court of the existence of a prerequisite jurisdictional fact. Formerly, the orders and decrees of the surrogate of the county of New York were placed on the same footing as those of a court of general jurisdiction (Laws 1870, c. 359), but the cases cited for the defendant in error decided under that statute, like Harrison v. Clark, 87 N. Y. 572, are no longer applicable.

There was no evidence before the surrogate's court showing, or tending to show, that the nonresident decedent died leaving personal property within the county of New York, or leaving personal property which since his death came into that county and remained unadministered. The decree awarding letters of administration did not recite any jurisdictional facts, but referred to and was based upon the petition. If the petition had alleged the existence of the necessary jurisdictional facts, it would have supported the decree, and established them conclusively as against the present attack, in the absence of evidence showing fraud or collusion in the proceeding. The petition alleged that the decedent died without the state, leaving property which since his death came into the county of New York, but it did not allege that such property remained unadministered. It omitted the averment of a necessary jurisdictional fact, and the existence of the fact was affirmatively disproved upon the trial.

The statute conferring power upon surrogates' courts to grant administration of the property of nonresident decedents not within the state at the death of the decedent is carefully expressed, so as to confine it to cases in which the property remains unadministered. Without this limitation, the power would have extended, under some circumstances, to assets brought here from the state of the domicile of a decedent after his death. Such a case arose in Re Hughes, 95 N. Y. 55, where one of the next of kin of an intestate, who at the time of his death was domiciled and died in Pennsylvania, brought some of the assets into this state, and administration was granted here. Administration was granted subsequently in the state of the decedent's domicile, and the domiciliary administrator applied to have the assets remitted to him. The court said: "The assets being in fact here, the surrogate of Kings county acquired jurisdiction to grant administration, and was not deprived of jurisdiction because the assets were

irregularly brought here. Nor does that fact deprive him of jurisdiction to decree distribution." Thus, the anomalous instance was presented of a primary administration by the courts of this state of assets the administration of which, upon principles of comity, appertained to the courts of the domicile of the decedent. In its opinion the court took occasion to intimate that, if the assets had been illegally removed from the jurisdiction of the domicile to the prejudice of domestic creditors, or others interested in the estate, it would have been the plain duty of the courts, in another jurisdiction where they were found, to direct their return to the jurisdiction of the domicile. Subsequent to that decision, the statutes respecting the jurisdiction of. surrogates' courts were amended by inserting the words of limitation.

Upon the facts stated in the petition, as well as those appearing by extrinsic evidence upon the trial, the case was one in which there should have been an application for ancillary letters of administration, under section 2696 of the Code of Civil Procedure.

We are constrained to the conclusion that the letters of administration were granted without jurisdiction, and that the trial judge erred in refusing to direct a verdict for the defendant as requested.

The judgment is accordingly reversed.