CORNELL STEAMBOAT CO. v. FALLON.

(Circuit Court of Appeals, Second Circuit. December 14, 1909. Rehearing Denied February 16, 1910.)

No. 53.

1. SEAMEN (§ 29*)—INJURY TO SEAMAN—EXTENT OF RECOVERY.

A seaman, who is injured in the service of the vessel, may only recover for his wages and the expenses of maintenance and cure to the end of the voyage, or as long as he has a right to wages, whether he or the shipowners were negligent or not, except that, if the seaman's injury is due to the personal negligence or default of the shipowners, he may recover full indemnity.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 186–194; Dec. Dig. § 29.*]

2. DEATH (§ 85*)—SEAMEN—ACTION BY ADMINISTRATRIX—EXTENT OF RECOVERY.

Where plaintiff, as administratrix, sued for the death of a seaman under Code Civ. Proc. N. Y. § 1902, authorizing an action for wrongful death resulting from negligence, and decedent, had he lived, could have recovered in tort, the fact that he could not have recovered full indemnity did not preclude plaintiff, his administratrix, from recovering full compensation for the pecuniary injuries resulting to her from his death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 111; Dec. Dig. § 85.*]

3. EXECUTORS AND ADMINISTRATORS (§ 29*)—APPOINTMENT—COLLATERAL ATTACK—APPOINTMENT OF ADMINISTRATOR—BONDS.

Where decedent, a resident of New Jersey, died in New York county, and had property in New York, viz., a cause of action for wrongful death,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the surrogate of New York county had jurisdiction to grant letters of administration, as provided by Code Civ. Proc. N. Y. 2476; and hence, there being no fraud or collusion alleged in obtaining such letters, the administratrix's appointment could not be collaterally attacked, in an action brought by her for decedent's wrongful death, because she was not required to give bond.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 177–182; Dec. Dig. § 29.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Annie V. Fallon, as administratrix, etc., against the Cornell Steamboat Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 162 Fed. 329.

Amos Van Etten, for plaintiff in error.

Hyland & Zabriskie (Nelson Zabriskie, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is an action at law, in which the plaintiff, as administratrix, has recovered a judgment against the defendant under section 1902 of the Code of Civil Procedure· of New York because the death of her husband was caused by the defendant's neglect. The deceased was engineer of the tug Scott, and while acting in place of an absent fireman was drowned as the result of a collision between that tug and the tug Williams, also owned by the defendant. The testimony showing no act of God, sudden emergency, or anything to account for the collision other than the negligent navigation of one or both of the tugs, and also showing no negligence on the part of the decedent, the trial judge directed the jury to find a verdict for the plaintiff in such sum as would compensate the parties entitled under the statute for the pecuniary injuries resulting to them from the death of the decedent.

Following many cases decided before that of The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760 (1903), counsel have discussed the questions whether the decedent was a fellow servant of the master of the tug Scott, on which he was employed, or of the master of the Williams, the other tug in collision, or of both. These interesting inquiries seem to us irrelevant. The contract between the defendant and the deceased is a maritime contract, and establishes their relation as well in courts of law as in courts of admiralty. A seaman injured in the service of the vessel has a right to recover against the vessel and her owners for his wages and the expenses of his maintenance and cure to the end of the voyage, or as long as he has a right to wages, whether he is or they are guilty of negligence or not. And this is the extent of his right to recover. There is an exception, apparently a departure from the maritime law, but established by so many decisions that the Supreme Court has declined to disturb it, viz., that if the seaman's injury is due to the personal negligence or default of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shipowners, as, for instance, to the unseaworthiness of the vessel or her tackle, or failure to supply proper medical treatment and attendance he may recover full indemnity. The Iroquois, 194 U. S. 240, 24 Sup. Ct. 640, 48 L. Ed. 955; The Osceola, supra; The Troop, 128 Fed. 856, 63 C. C. A. 584. As no personal negligence or default is imputed to the defendant, the decedent would not have had a right to full indemnity if he had lived, but only to his wages and the expense of his maintenance and cure.

Under the New York statute the plaintiff as administratrix has a right to recover if the decedent's death was caused by the defendant's negligence and he himself could have recovered had be lived. The trial judge correctly held that the decedent's death was due to the defendant's negligence. Manifestly he could have recovered if he had lived, and could have recovered in tort. The statutory conditions were, therefore, satisfied. The circumstance that the deceased could not have recovered full indemnity does not, in our opinion, limit the extent of the plaintiff's recovery. Her cause of action is statutory and entirely different from his had he lived, viz., compensation for the pecuniary injuries resulting from his death to the designated persons.

The defendant further objects that the plaintiff cannot recover because the surrogate issued letters to her without any bond being given, as required by section 2664 of the Code of Civil Procedure. The record in the Surrogate's Court shows that the decedent was a resident of the state of New Jersey, died within the county of New York, and had property within the state, viz., this cause of action. Accordingly the surrogate of New York county had jurisdiction to grant the letters under section 2476, which provides:

"Where the decedent not being a resident of the state died within that county leaving personal property within the state or leaving personal property which has since his death come into the state and remains unadministered."

No fault or collusion is alleged in obtaining the letters, as in Hoes v. New York, New Haven & Hartford Railroad Company, 173 N. Y. 435, 66 N. E. 119. Nor was there any failure to aver a jurisdictional fact, the existence of which was disproved at the trial, as in Coe Brass Manufacturing Company v. Savlik, 93 Fed. 519, 35 C. C. A. 390. If the surrogate should have required a bond under section 2664 of the Code, about which it is unnecessary to express an opinion, his omission to do so was not jurisdictional, but an irregularity which cannot be attacked collaterally. Sullivan v. Tioga Railroad Company, 44 Hun, 304; Code Civ. Proc. §§ 2591, 2473.

No other exception deserves consideration, and the judgment is affirmed.

COXE, Circuit Judge. I concur in the result, but prefer to rest my opinion upon the authority of The Hamilton and Saginaw, 146 Fed. 724, 77 C. C. A. 150, affirmed 207 U. S. 398, 28 Sup. Ct. 133, 52 L. Ed. 264, which I think warrants an affirmance of the judgment upon the principles of the common law. The question presented by the opinion of the court is an interesting and novel one, but no allu-

sion is made to it in either brief and it was not mentioned at the argument.

Section 1902 of the New York Code provides, in substance, that the widow of a decedent may, as administratrix, maintain an action to recover damages for a wrongful act, neglect or default by which the decedent's death was caused, against a person or corporation which would be liable in an action in favor of the decedent by reason of such wrongful act, neglect or default if death had not ensued. Because the law maritime gave the decedent a right, had he lived, to recover, under his contract of employment, his wages and the expenses of his maintenance and cure, whether he or the owners were guilty of negligence or not, it is now asserted that the plaintiff can recover full damages under the state statute. In other words it is said that this action, which is ex delicto, can be maintained because the decedent, had he lived, might have recovered in an action ex contractu for his wages, etc. It follows, therefore, that if the decedent had a cause of action for one day's wages under his contract, the plaintiff, upon his death, may recover the full amount of damages resulting from his death.

The New York statute as interpreted by the courts of the state has heretofore been understood to mean that if injuries have been received by a person under such circumstances as will enable him to recover damages for those injuries, his personal representatives, upon his death, may recover their damages resulting from such injuries. It has never, so far as I am aware, been held that the administratrix can maintain such an action unless the decedent might have maintained it, viz.: an action based upon the defendant's negligence, and the decedent's freedom from negligence.

It seems to me that the proposition upon which the decision is based should not be definitely adopted until counsel have had an opportunity to examine and discuss it.