## In re SILLING'S ESTATE.

*(Surrogate's Court, New York County.* August 19, 1888.)

WILLS—CONTEST—COSTS—LIABILITY OF CONTESTANT.

Under the provision of the New York statute, that the surrogate may charge the costs of the contest of a will on the contestants personally or upon the estate, as justice requires, where the objections to distribution of an estate which render a reference necessary, are filed solely to delay distribution until the objector can be prepared with an action against the executor, the expense of the reference will be charged upon the objector personally.[1]

On motion to charge expense of reference to dispose of objections to distribution of the estate of Ernestine Silling to the objector personally.

*Hoadly, Lauterbach & Johnson,* for executors.    *David Tim, Martin L. Hollister,* and *Oscar J. Hochstadter,* for heirs and devisees.

RANSOM, S.    The report of the referee was confirmed on the argument. I reserved consideration of the question whether the expense of the reference should be borne by the objectors personally.   The executor has filed an affidavit of his attorney to sustain his motion to charge such expense to the objectors personally, and proves thereby that the objections were filed for the sole purpose of preventing distribution until the objectors could be prepared with an action against the executor.   This statement was made to the executor's attorney by the attorney of the objectors, and is not denied by him. He simply swears that he does not remember it.   The attorney for the objector, and one of his clients, stoutly contend by affidavit and argument that the objections were all filed in good faith.   I have heretofore given the true definition of the expression "good faith."  See *In re Whelan's Estate, ante,* 635.  This proceeding differs somewhat from that, as here I do not believe the objectors were actuated by motives involving moral turpitude.   But they cannot be held to have acted in good faith, if we have due regard for the motives confessed by their attorney.   Their act in objecting may, perhaps, be fairly described as a bit of strategy in the course of their campaign to assert title in their father to a considerable portion of this estate, which the executor here had in possession as a part of his testator's estate.   To this view I commit myself.   The statute provides that, if justice requires, the surrogate may charge the costs of the contest upon the contestant personally, or upon the estate.   It is manifest that the success of the objectors occasioned the delay incident to this reference, made necessary by their objections, notwithstanding the reference proceedings were forwarded with gratifying industry, and brought promptly to a close; and, thus reducing such delay to the minimum, they should not be at the expense of the estate, as thereby other persons interested therein, and not interested in the scheme of the objectors, will be compelled to suffer to some extent.   I conclude, therefore, that the expense of this reference, viz., the costs allowed by me to the special guardian for his services therein, and the attorney for the executor, and the disbursements, including referee's fees, must be paid by the objectors personally, and such payment will be made certain by deducting the amount from their respective shares of the estate in the hands of the executor.

[1] See In re Castles' Will, *post,* 638.