Freedman, J.
The facts of this case are beyond dispute. Mary Cuff died in 1880, and thereupon letters of administration were duly issued to Richard Cuff, her husband, upon her estate, by the surrogate of the city and county of New York. In order to obtain these letters, Richard Cuff, as principal, and the defendants, Edward Place and Hugh McRoberts, as sureties, executed a bond conditioned that the said Richard Cluff should faithfully execute the trust reposed in him as such administrator, and obey all orders of the surrogate touching the administration of the estate committed to him. In the course of such administration the administrator was ordered to render an account of his proceedings before a referee appointed for that purpose, and this resulted in a certain report by the referee. Upon due application therefor, the surrogate directed the proceedings to be remitted to the referee for the purpose of allowing the administrator to sustain his claim for expenditures on behalf of certain infants and nextof kin, on condition that the administrator stipulate in writing to pay entire expense thereof personally. The administrator so stipulated, and *341 another reference was had. Thoughout the proceedings for the accounting, the plaintiff acted as the special guardian of the infants referred to, having been duly appointed as such for that purpose. The second reference terminated with a certain report, and in due course of proceedings the surrogate granted a final decree, which was duly entered, settling the accounts of Richard Cuff, the administrator. The decree, among other things, allowed to Charles H. Beckett the sum of $250 as and for his costs as such special guardian, etc., and the said Richard Cuff was ordered to pay the same personally. Richard Cuff having failed to-pay the said sum after due demand, and an execution against his property having been duly issued out of the surrogate’s court to the sheriff, and returned by the sheriff wholly unsatisfied, the present action was brought by the plaintiff against the defendants as sureties upon the administrator’s bond. The question now is whether the imposition of the costs on the administrator personally relieved the sureties upon his bond from liability therefor.
Under section 2557 of the Code of Civil Procedure, the surrogate had the power to impose the costs in question either upon the estate or fund, or upon the administrator personally, as justice required; and, in the exercise of his judicial discretion, he determined that justice required that the administrator should pay them personally, and that the estate or fund should not be charged with them. The defendants claim that such determination relieved them, in respect to such costs, from all liability as sureties upon the administrator’s bond. In support of this claim the defendants cited a number of cases, but on examination they appear to have no application to the case at bar. In Re Silling's Estate, 17 St. Rep. 801, the expenses of the reference were ordered to be paid by the objectors to the probate of the will personally, and such payment was enforced by deducting the amount from their respective shares of the estate in the hands of the executor. In Re Stanton's Estate, 18 St. Rep. 807, the executrix was removed because of the wasteful and improper management of the estate committed to her charge, and for that reason she was ordered to pay person all v the costs of the proceedings taken to remove her. In Re Tacke's Will, 17 St. Rep. 805, the unsuccessful petitioner for the revocation of the probate was ordered to pay the costs personally. In Collyer v. Collyer, 110 N. Y. 481; 18 St. Rep. 210, the unsuccessful petitioner, who had undertaken to establish a will which could not be found, was held personally liable for the costs of the contestants. In Dunford v. Weaver, 84 N. Y. 445, the administrator was charged personally with the fees of auditor appointed to examine his accounts. These cases simply affirm the power of the surrogate to impose costs either upon the estate or fund, or upon, a party or executor or administrator. The existence of this power is beyond question. The case of Matter of Mullon, 74 Hun, 358; 56 St. Rep. 347, involved the liability of an administrator to account for property not included by him in the inventory, and commingled by him with his own property. It does not pretend to comprehend all liabilities of an administrator, and has no reference to administration expenses. Baucus v. Barr, 45 Hun, 582; 10 St. *342 Rep. 683, was an action by an estate creditor against the executor and his sureties. The surrogate charged the executor, in his account, with the amount of a note which executor owed individually to the decedent; and although the executor was insolvent at the time, and had been insolvent at the time of the death of the testator, the surrogate ordered him to apply and distribute the amount of the note as part of the personal estate of the deceased, It was held that his sureties did not, by their bond, guaranty the payment of his worthless debt to the estate, but only guaranteed obedience by the executor to all orders of the surrogate touching the administration of the estate committed to him. The debt of the executor was of no value. It did not go to enchance the estate in fact. It contributed no valuable or available part of the estate committed to him. Moreover, it was held that he (the executor) could not be held in contempt, or as an embezzler, because of his inability to make payment of the note pursuant to the decree of the surrogate, and that it followed that, if not to be held in default when charged with contempt for noncompliance with the surrogate’s order, he should not be held in such default as would be necessary to charge his sureties because of such noncompliance. It thus has been fully demonstrated that the defendants can derive no benefit from any of the cases cited by them. Moreover, the point decided in the case last referred to is the very converse of the proposition that where the usual methods of enforcement of the decree — among them, puishment for contempt — can be resorted to, the sureties of the administrator or executor are liable, and this is precisely what the plaintiff nowhere contends for. In the case at bar it is clear that the administrator can be punished for his contempt, and in fact execution against his property was issued, and returned nulla bona Section 2555, subd. 4, of the Code of Civil Procedure, expressly provides that, if the delinquent has given an official bond, his imprisonment by virtue of proceedings to punish him for contempt, or a levy upon his property by virtue of an execution, does not bar, suspend, or otherwise affect an action against the sureties on his official bond. In the case at bar the second reference was ordered to give to the administrator a further opportunity to reduce, if possible the extent of a liability'which had been reported against him, and he and his sureties had the benefit of h, because the result was a reduction.. This benefit was obtained on condition that the expense of said reference should not be charged against the estate, but should be borne by the administrator personally, and the final decree provides accordingly. This provision of the decree is one touching the administration of the estate, and a noncompliance with it constitutes an official default, within the condition of the bond. In Brewster v. Batch, 41 N. Y. Supr. Ct. 63, it was said that, as to administration bonds, the situation of the parties, and the hazard against which the security was exacted, must be considered, in determining the legal effect of the instrumant. And in Deobold v. Oppermann, 111 N. Y. 531; 20 St. Rep. 81, Ruger, C. J., in delivering the opinion of the court of appeals, uses the following language, viz..
“The decree under which the defendants claim discharge from *343 liability was procured by fraud practiced upon the surrogate, through the presentation of papers fraudulently obtained and used by her (viz. the administratrix). It was against the perpetration •of such frauds that the defendants’ bond was intended to protect the beneficiaries of the estate. The defendants had covenanted that the administratrix should faithfully execute the trust reposed in her, and obey all lawful decrees and orders of the surrogate’s •court. When she obtained, through fraud, the order of the surrogate awarding the moneys of the estate to her, and canceling her bond, she violated the obligations of her trust, and the defendants became liable for the damages flowing from such breach of duty. That the defendants were deceived by the administratrix constituted no protection to them, for they had guaranteed that she should deceive nobody in the administration of her trust. The liability of the sureties is coextensive with that of the administratrix, and embraces the performance of every duty she is called upon to discharge in the course of administration."
Indeed, the general proposition is well settled that the liability of the sureties of an administrator is coextensive with that of the administrator, and that every decree or order of -the surrogate which is binding on the administrator is equally binding on his sureties. Kelly v. West, 80 N. Y. 139 ; Harrison v. Clark, 87 id. 572; Casoni v. Jerome, 58 id. 315. For the foregoing reasons, the claims of the defendants for exemption from liability upon any of the grounds so far considered are untenable.
The further point raised, that all parties connected with the reference, by proceeding as they did, acquiesced in the stipulation filed by the administrator to pay the expense personally, and consented to accept the same as security for the payment of their expenses, and that consequently the defendants, as sureties, are not liable, is equally untenable. The evidence shows that the plaintiff opposed the application for the reference, and that he participated in the subsequent proceedings under legal compulsion. There was no waiver of any right he had against the sureties. Moreover, if the defendants, as sureties, together with the administrator, wish to retain the benefits of the reference, — for the result was highly beneficial to them, — they ought to be made to shoulder with him its burdens. The judgment should be affirmed, with costs.
All concur.