POTTS, Appellant, v. CUFF et al., Respondents. (City Court of New York, General Term. June 25, 1895.) Action by John R. Potts against Richard Cuff and others. George W. Glaze, for appellant. Foley & Wray, for respondent. CONLAN, J. Appeal from a judgment dismissing plaintiff's complaint. The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event, on the authority of Beckett v. Place (Super. N. Y.) 33 N. Y. Supp. 634.

---

RANDALL v. CLINE. (Supreme Court, General Term, Second Department. July 26, 1895.) In matter of application of William A. Randall against Charles R. Cline, Jr., town clerk, etc., of Warwick, N. Y. No opinion. Reargument ordered.

---

REIN v. SCOTT. (Supreme Court, General Term, First Department. June 14, 1895.) Action by Jacob W. Rein against John Scott. No opinion. Motion granted, with $10 costs.

---

REYNOLDS, Appellant, v. ROMEYN, Respondent. (Supreme Court, General Term, Fifth Department. January, 1895.) Action by Thomas J. Reynolds against Theodore F. Romeyn. No opinion. Order appealed from affirmed, with $10 costs and disbursements.

---

RICH v. NEW YORK CENT. & H. R. R. CO. (Supreme Court, General Term, Second Department. July 26, 1895.) Action by William L. Rich, as administrator of Josiah Rich, deceased, against the New York Central & Hudson River Railroad Company. Cowen, Dickerson & Brown, for appellant. Frank Loomis, for respondent.

DYKMAN, J. This is an appeal from the judgment entered upon the dismissal of the complaint at the close of the testimony on the part of the plaintiff upon the trial at the circuit before a jury. When this case was in the court of appeals, it was stated in the opinion delivered there that the complaint was for a tort, and that the tort charged was that the defendant, in order to reach a lawful result, planned a fraudulent scheme for its accomplishment by unlawful means, and through an injury to the plaintiff which would strip him of his damages by a complete sacrifice of his property, by means of a plan embracing a refusal to open the restored depot at the foot of Main street, the driving of the plaintiff's mortgage to a foreclosure, and stripping the plaintiff of his property, and all this by the defendant's direct instigation. 87 N. Y. 382. The evidence necessary to support the charge was declared by the court of appeals to be such as to establish a scheme of fraud, of which, if established, the defendant's procurement of the foreclosure and sale was a part. The court said: "If it is made plain that the mortgagee would have waited, but for the fraudulent scheme and conduct of the defendant, that is enough." The court further declared that "proof of the contract and its breach, of the delay in restoring the depot and the reason therefor, were essential links in the chain. If the proof should go no further a nonsuit would be proper." Under that standard, thus set up, it was incumbent upon the plaintiff to establish a scheme of fraud carried out by the defendant or its agents with intent to deprive the plaintiff of his property by inciting a foreclosure of the mortgage of the Mutual Life Insurance Company, and a sale of his property thereunder. So far from meeting the requirements and sustaining the burden thus placed upon the plaintiff, the case is destitute of proof to convict the defendant of any of the acts charged against it in the complaint. The principal charge in the complaint against the defendant is that it incited the foreclosure of the mortgage held by the Mutual Life Insurance Company against the property of the plaintiff, and caused his property to be sold under a judgment, and the record is destitute of any proof to connect the defendant with that transaction. There was no proof to show any connection of the railroad company with the various proceedings of the insurance company in the foreclosure suit, or even that it was in possession of any knowledge or notice thereof. The property of the plaintiff was injuriously affected by the change in the grade of Main street at the railroad station in the city of Yonkers, and the sale under the mortgage of the insurance company was ruinous to him, but the evi-