AHLBACH et al. v. AMERICAN BONDING CO. OF BALTIMORE.

(Supreme Court, Appellate Term.   January 5, 1912.)

APPEAL AND ERROR (§ 1234*)—APPEAL BOND—EXTENT OF LIABILITY—COSTS.

Where a judgment surcharging an administrator's account $4,225.16 in his representative capacity also deprived him of commissions as executor, and further charged him personally with the costs of the proceedings which amounted to $652.10, an appeal bond, given pursuant to a notice reciting that L. as executor had appealed, and providing that L. as executor having been charged with the sum of $4,225.16 and feeling aggrieved thereby, as such executor, appealed, etc., and conditioned that, if the decree was affirmed or the appeal dismissed, he would pay the sum so directed to be paid in accordance with such decree, not exceeding double the amount of the sum surcharged to L. as executor, the bond did not cover the judgment against the executor personally for costs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4761–4777;  Dec. Dig. § 1234.*]

Appeal from City Court of New York, Special Term.

Action by Jacob Ahlbach and others against the American Bonding Company of Baltimore.   From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. . Reversed, and demurrer sustained.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Isaac N. Miller, for appellant.
Amend & Amend, for respondents.

SEABURY, J.   The complaint alleges that on the 24th day of April, 1907, a decree was duly made by one of the surrogates of New York county and entered in the office of the clerk of that court, directing Herman G. Loew, as executor, to pay the sum of $4,225.16, which amount it surcharged against him in his representative capacity, and further deprives him of his commissions as executor, and charges him personally with the cost of the proceeding, amounting to $652.10.   The complaint further alleges that Herman G. Loew as such executor appealed from said decree to the Appellate Division of the Supreme Court and filed the bond of the defendant, which, with the notice of appeal, are made parts of the complaint.   The notice of appeal recites "that Herman G. Loew as executor hereby appeals."   The bond recites that Herman G. Loew as executor having been surcharged with the sum of $4,225.16, and feeling aggrieved thereby, as such executor appeals, and is for double said amount, to wit, $8,450.32.   The complaint further alleges that Herman G. Loew

as executor paid the $4,225.16 as directed in the decree, but has failed to pay $652.10 for which judgment has been docketed against him personally, and execution issued and returned unsatisfied, and demands judgment against the defendant upon the undertaking for the amount of such judgment to wit, $652.10. The demurrer to the complaint is on the ground that the complaint fails to state facts sufficient to constitute a cause of action. The court below overruled the demurrer, and from the interlocutory judgment entered upon such decision the defendant appeals to this court.

The undertaking of the defendant is the basis and the measure of the defendant's liability to the plaintiffs. Wood v. Fisk, 63 N. Y. 245, 20 Am. Rep. 528; Concordia Savings Bank & Aid Association v. Read, 124 N. Y. 189, 26 N. E. 347; Hennion v. Kipp, 30 App. Div. 288, 51 N. Y. Supp. 960. It is significant that the undertaking in its recitals refers only to the sum of $4,225.16 with which Loew as executor was surcharged, and nowhere refers to the $652.10, which represented the costs of the proceeding in the Surrogate's Court which Loew was personally required to pay. The condition of the undertaking is equally plain, and it is to the effect that if the decree is affirmed, or the appeal dismissed, the appellant "will pay the sum so directed to be paid in accordance with said decree," not exceeding double the amount of the sum surcharged to Loew as executor. We cannot find in this undertaking any agreement that Loew will pay the sum of $652.10 with which he was personally charged as the costs of the proceeding in the Surrogate's Court, and, as the undertaking itself is silent upon this subject, the court cannot read into it a provision which the parties omitted. For the court to do so would be for it to make a different contract for the defendant than that which it made, and to enlarge its liability beyond the obligation which it assumed. Moreover, the undertaking of the defendant was that Loew "as executor" would pay the sum directed to be paid. The defendant did not agree that Loew would pay any amount which as an individual he was directed to pay. The whole tenor of the undertaking is that Loew will pay the amount which in his representative capacity as executor he is required to pay, and such an undertaking cannot be amplified by judicial construction so as to include any sum which Loew individually may be required to pay.

For the reasons given, we think that the complaint fails to state facts sufficient to constitute a cause of action, and that the demurrer should have been sustained.

The interlocutory judgment is reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiffs to amend the complaint upon payment of costs within six days after service of a copy of the order entered herewith. All concur.