## In the Matter of the Estate of ISAAC MAY, Deceased.

Surrogate's Court, Kings County, September 28, 1939.

*Cyrus S. Julien*, special guardian of Rebecca May, an incompetent person, petitioner.

*Walter H. Pickett*, for the Ætna Casualty and Surety Company, respondent.

WINGATE, S. It is somewhat surprising, in view of the fact that the situation underlying the present proceeding must have arisen on numerous previous occasions, that the diligence of counsel and the independent research of the court have disclosed only a single reported adjudication in which a problem even remotely resembling the present was considered.

Elizabeth May, expressly acting in her capacity as administratrix *c. t. a.* of the estate of Isaac May, presented a claim for upwards of $37,000 against the estate of Caroline May. This claim sought reimbursement for the support of the decedent's incompetent daughter and was founded in part on a written agreement executed by the two decedents during their joint lives and partly on the theory of subrogation to the asserted obligation of a mother to support her child. It was rejected by notice addressed to the claimant in her representative capacity.

The claimant was cited upon the judicial settlement of the accounts of the executor and filed objections thereto in her fiduciary capacity, predicated upon the disallowance of this claim. The objections were heard and overruled and the claim rejected. The decree of judicial settlement, after reciting the appearance of " Elizabeth M. May, as Administratrix *c. t. a.* of the Estate of Isaac May, deceased," adjudged among other decretal provisions, that the " objections to the account herein, filed by Elizabeth M. May, as administratrix *c. t. a.* of the Estate of Isaac May, deceased * * * be and the same are hereby overruled."

Thereupon, a notice of appeal to the Appellate Division was filed, which recited " that Elizabeth M. May, as Administratrix *c. t. a.* of the Estate of Isaac May, deceased, claimant and objector, hereby appeals " from the decree. In connection therewith an undertaking by Ætna Casualty and Surety Company was filed, captioned with a title indicating " Elizabeth M. May, as administratrix *c. t. a.* of the estate of Isaac May, deceased, Claimant-objector-Appellant," reciting that " the appellant Elizabeth M. May, as administratrix *c. t. a.* of the Estate of Isaac May deceased, feeling aggrieved " by the decree, had appealed to the Appellate Division, and undertaking " that the appellant Elizabeth M. May as administratrix *c. t. a.* of the Estate of Isaac May, deceased will

pay all costs and damages which may be awarded against her on such appeal, not exceeding two hundred and fifty dollars."

The appeal was heard by the Appellate Division and the decree of this court was unanimously affirmed (*Matter of May*, 255 App. Div. 31), " with costs, payable by the appellant personally." In due course an order was entered making the order of the Appellate Division the order of this court, and further providing, pursuant to its terms, " that Cyrus S. Jullien, Esq., as Special Guardian of Rebecca May, an incompetent, do recover from the appellant Elizabeth M. May, personally, the sum of $87.37, costs as taxed; and that the said Cyrus S. Julien, Esq., as Special Guardian of Rebecca May, an incompetent, have execution therefor."

Mr. Julien has issued execution on this judgment against Elizabeth M. May as an individual, and it has been returned wholly unsatisfied. He has now instituted the present proceeding upon the undertaking on appeal, under section 115-a of the Surrogate's Court Act, to compel the surety to pay him the sum awarded pursuant to the decree entered on the remittitur. The latter has answered, asserting that, according to the terms of its engagement, it assumed liability only for such costs as might be awarded against " Elizabeth M. May as administratrix *c. t. a.* of the Estate of Isaac May, deceased;" that no costs were so awarded; on the contrary, the only recovery was against " Elizabeth M. May, personally," and that no liability of this variety was assumed by it.

The only authority which is cited by the petitioner is *Beckett* v. *Place* (12 Misc. 323), decided by the old Superior Court. It relates only to a general administration bond. There costs of a second reference in attempted exoneration of liability of the accountant for his official acts, and which he stipulated to pay personally, were held collectible from his sureties. The gist of the decision is found at page 326 of the opinion, which reads: " the second reference was ordered to give to the administrator a further opportunity to reduce, if possible, the extent of a liability which had been reported against him, and he and his sureties had the benefit of it because the result was a reduction. This benefit was obtained on condition that the expense of said reference should not be charged against the estate, but should be borne by the administrator personally, and the final decree provides accordingly. This provision of the decree is one touching the administration of the estate, and a non-compliance with it constitutes an official default within the condition of the bond." The case is not even remotely in point in the present situation. Here no general bond is in question, but merely a particular undertaking to pay a liability complying with a specific description, if and when such an obligation shall come into existence.

· The legal reliance of the surety is placed on *Ahlbach* v. *American Bonding Co. of Baltimore* (132 N. Y. Supp. 741, not otherwise reported), which was decided by the Appellate Term in 1912. Additional weight is given to this pronouncement by the fact that it was made by Mr. Justice SEABURY, who served as a judge of the Court of Appeals from December 8, 1914, until his resignation on September 5, 1916, by Mr. Justice LEHMAN, who has been a member of the Court of Appeals since November 6, 1923, and by Mr. Justice PAGE, for many years an outstanding member of the bench of the Appellate Division for the First Department.

In this case one Loew accounted as executor in the Surrogate's Court, was surcharged in the sum of $4,225.16, deprived of his commissions and charged personally with costs of $652.10. He appealed in his representative capacity to the Appellate Division, giving a bond for twice the amount of the decretal recovery, namely, $8,450.32. The decree was affirmed, and he paid the entire amount awarded against him except the personal costs. The party in whose favor this direction read sought to recover such costs from the surety. In reversing a judgment in favor of the former, the court said (at p. 742): " the undertaking of the defendant was that Loew ' as executor ' would pay the sum directed to be paid. The defendant did not agree that Loew would pay any amount which as an individual he was directed to pay. The whole tenor of the undertaking is that Loew will pay the amount which in his representative capacity as executor he is required to pay, and such an undertaking cannot be amplified by judicial construction so as to include any sum which Loew individually may be required to pay."

The law is, of course, entirely settled that an estate fiduciary is a wholly distinct person in his official capacity from that which he occupies in an individual capacity. (*Rathbone* v. *Hooney*, 58 N. Y. 463, 467; *Collins* v. *Hydorn*, 135 id. 320, 324, 325; *Leonard* v. *Pierce*, 182 id. 431, 432; *Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294, 296, 297; *Opdyke* v. *Marble*, 44 Barb. 64, 68; *Matter of Sullivan*, 169 Misc. 16, 17; affd., 255 App. Div. 1008; *Matter of Ebbets*, 149 Misc. 260, 267; *Matter of Gomez*, 160 id. 503, 506.)

There, accordingly, appears no more justification for holding a surety liable for defaults of a named individual in his personal capacity when its sole undertaking was to make good his delinquencies in a fiduciary relationship than there would be to permit recovery against it for the derelictions of John Doe when it had contracted only to be responsible for those of · Richard Roe.

Especially is this true in a case like the present in which the only right of action which existed was one necessary of prosecution by the fiduciary in her representative capacity. (Dec. Est. Law, § 140; *Buckland* v. *Gallup,* 105 N. Y. 453, 455, 456.)

In the cited case the court, in commenting on the effect of the substantially equivalent antecedent of section 140 of the Decedent Estate Law, observes: " This difference of opinion necessarily leads to an inquiry whether the cause of action upon which the plaintiff sues is, within the meaning of the Code, one ' belonging to him in his representative capacity.' That capacity was created by statute to carry into effect the wishes of the decedent, and by virtue of it an executor takes as of the time of the death of the testator, and as it were from his hands, his personal property, so that there is no interval of time when it is not the subject of ownership, by the testator up to the time of his death, and from that moment by the person named, not as an individual, but as a representative. The statute characterizes the property received as assets, requires it to be inventoried, and for those assets so inventoried, and for any increase, the executor is to account. It includes, among other things, debts secured by mortgage, bonds, notes, and things in action. He and his sureties are liable for the full value of all such property of the deceased, received by the executor and not duly administered, and if the cause of action accrued in the lifetime of the testator, any suit respecting it must be in the name of the executor as such. He then sues in the right of the testator, and can bring such actions only as the testator himself might have maintained.

" On the other hand, if an injury to the property, or its conversion happens after the death of the decedent, although before letters are actually issued, or if a contract is made with an executor or an administrator personally, in regard to the effects or money belonging to the decedent, received by a third person after the death, the administrator might sue in his own name * * *. When he sues in the right of the testator he pays no costs, because the law does not presume him to be sufficiently cognizant of the nature and foundation of the claims he has to assert, and in all these cases it is necessary for him to sue in his representative character, and expressly to name himself executor. * * * But if he may bring the action in his private capacity, then if he fails he is liable for costs."

The court might be inclined to apologise for the length of the foregoing quotation did it not deem it important for the demonstration of the fact that in the present case the uniform addition of the words " as administratrix *c. t. a.* of the estate of Isaac May,

deceased," was an indispensable indication of the right of the claimant and appellant to prosecute the particular claim and, therefore, not by any chance classifiable as mere *descriptio personæ*.

The claim, for what it was worth, was one which was derived from the testator and was consequently capable of prosecution only by the personal representative as such. The undertaking on appeal was, therefore, strictly and properly one covering the potential liability of the representative only, and not capable of extension to cover any acts or derelictions of the separate legal person of the administratrix in her personal capacity, who was not, and, from the nature of the claim, could not be, a party to the record.

The foregoing observations are not to be construed as in any sense an implied criticism of the action of the Appellate Division in assessing costs against the administratrix personally. Authority for the adoption of the course is expressly granted by section 1500 of the Civil Practice Act in instances of " mismanagement or bad faith in the prosecution or defense of the action," in which connection it has been held the mere making of such award assumes a finding to that effect. (*Benedict* v. *Sliter*, 82 Hun, 190, 198.)

As events have transpired it is unquestionably unfortunate for the petitioner that the Appellate Division exercised its discretionary authority in the manner in which it did, but this would furnish no justification for a determination that the present respondent assumed a liability in excess of that clearly reflected in its contract or that an undertaking had been given which the parties did not intend and which could not have been required under any provision of law as a condition to the perfecting of the appeal.

The proceeding is, accordingly, dismissed on the merits.

Enter decree on notice in conformity herewith.